HARRIS BERLACK, APPELLANT, VS. PHILIP HALLE ET UX., APPELLEES.

1. A mortgage is a specific lien on the land it covers, and a failure to comply with its conditions does not divest the mortgagor of the legal title, nor vest it in the mortgagee.

2. The owner of the legal title of land covered by a mortgage is a necessary party to a suit to foreclose the mortgage, and neither such owner nor the legal title is affected by a decree and sale in a suit to which he is not a party.

3. A mortgage will not sustain a recovery in an action of ejectment against the holder of the legal title, nor will a deed of conveyance made by a master under a decree in a suit to which the person owning the legal title at the institution of the suit was not a party.

4. In an action of ejectment brought by one claiming under a purchase made at a foreclosure sale in a suit to which the person owning the legal title at the institution of such suit was not a party, (such owner of the legal title having acquired title from the mortgagor) against another in possession claiming under one holding title from such grantee of the mortgagor, the deed and proceedings in the foreclosure suit are of no effect as showing title in the plaintiff as against the party in possession or the owner of the legal title.

5. Where objection is made to the introduction in evidence of a decree, on the ground that the jurisdictional proceedings are not shown,

and it is overruled, the error of overruling such objection will be cured by the subsequent introduction of such proceedings by the party objecting.

Appeal from the Circuit Court for Duval county.

This is an action of ejectment brought by the appellees against the appellant on the 21st day of August, 1884, to recover a part of a lot of land in the city of Jacksonville.

The testimony adduced by the plaintiffs in the Circuit Court is as follows: A deed of conveyance from J. W. Whitney, special master, to Henry S. Sayre, dated January 5, 1880, recorded in the clerk's office of Duval county February 17, 1880, and made pursuant to a sale by said master under a decree of foreclosure and sale rendered December 1st, 1879, in said Circuit Court, in a suit wherein Sayre was complainant and Loudvick Warrock and his wife were defendants; also a copy of such decree, and a deed of conveyance from Sayre and his wife to Mrs. Halle, bearing date June 10, 1884, and recorded July 7 of the same year.

Samuel G. Spearing, a witness in plaintiffs' behalf, testified that he knew the land in controversy, that Warrock was in possession of it in 1878 and 1879. That in 1879 witness was agent of Sayre for all his property in Duval county, and as such agent caused suit in chancery to be instituted against Warrock and wife in September, 1879. That when this suit was commenced Warrock, who was then in possession of the property in controversy, turns over the possession of it to witness as agent of Sayre, and witness remained in possession of it until April 5, 1883, when he turned over possession to the attorneys of Sayre; and that ten dollars per month is a fair rental value.

The testimony in behalf of the defendant, Berlack, is as follows: A deed of conveyance of March 20, 1876, from

Warrock and wife to one A. Joseph Myers, with full covenants of warranty, the same having been recorded in the ·clerk's office on the 29th day of the same month; also a deed from Myers and wife to Manuel C. Jordan, dated August 16, 1884. This is a conveyance of all the right, title and interest of Myers in the property. The bill of foreclosure in the above suit filed in September, 1879, with annexed ·copy of mortgage dated March 27, 1873, from Warrock and wife to C. B. Benedict, and a transfer of the same by Benedict to Sayre, and the other proceedings up to and inclusive of the report of the sale, and of the delivery of the deed to Sayre (the decree of sale directing a deed to be made to the purchaser) were also put in evidence by the defendant.

Manuel C. Jordan, a witness for defendant, testified that the defendant was his tenant at the time the action of ejectment was instituted, and was such tenant at the time of the ·execution and delivery of the deed from Myers, and that witness was in actual possession of the property in controversy, and that the deed included the property in controversy. Upon cross-examination he said that at the time of the execution and delivery of such deed witness was in actual possesson of the property; had built a fence on the front, or north, line, and on the west side or line; and there was a fence on the east and south lines. There had been a fence on the north line, but when he first took possession there was none of it there except a few posts. That the land in controversy adjoins the other fifty feet mentioned in the deed from Myers to himself, and there had been no fence between this fifty feet and the thirty feet in controversy. He built the fence June 14, 1884, and had been in possession some time before then. Had been in possession some time before then, as he used and occupied the fifty feet adjoining. He leased it as he had leased other property to his tenants. Frank Hernandez was one of his tenants;

that is he, witness, did not actually lease it, but had allowed him to occupy it; had never actually leased it to any one. The property was vacant and unoccupied when witness took possession of it, and he took such possession without color or pretence of title.

The charge given to the jury is as follows: " If the jury believes from all the facts in evidence that Loudvick Warrock owned and was in possession in 1873 of the land in dispute and then gave a mortgage to C. B. Benedict, which was duly assigned to Henry D. Sayre, and that in 1879 said Warrock turned over the possession of the said property to said Henry D. Sayre, that in December, 1879, said mortgage was regularly foreclosed and the land was sold and said Sayre bought the same at said sale, and that said Sayre being then in possession on June 10, 1834, conveyed, by deed duly executed, the land to Minnie Halle, the plaintiffs are entitled to recover, although it appears also that Warrock conveyed the land to one Myers in 1876, that Jordan took naked possession thereof on June 14th, 1884, and said Myers conveyed to him August, 1884."

The following instructions asked by the defendant were refused : " If the jury find from the evidence that Warrock on the 27th of March, 1873, executed the mortgage under a foreclosure of which the plaintiff derived title, and afterwards on the 20th of March, 1876, executed a deed with covenants of warranty to one Myers, and that subsequently one Sayre, the assignee of the mortgage, foreclosed the same and that the said Myers was not a party to said foreclosure proceedings; then the legal title vested in Myers by the deed executed to him was not affected by said foreclosure proceedings and remains in Myers or in his grantor and the plaintiff cannot recover in this action.

"2d. If the jury find from the evidence that Warrock on the 27th of March, 1873, executed the mortgage under

foreclosure of which the plaintiffs claim to derive title; and that afterwards, on the 20th of March, 1876, Warrock executed a deed with full covenants of warranty to one Myers, and that subsequently one Sayre was the assignee of the said mortgage and foreclosed the same, and that the said Myers was not a party to said foreclosure proceedings, then the legal title vested in Myers by the deed executed to him was not affected by said foreclosure proceedings and remains in Myers or in his grantor, Jordan, and the plaintiff cannot recover in this action against the defendant if you find that he, as the tenant of Jordan at the commencement of the suit, was in possession under Jordan, the grantee from Myers."

There was a verdict for the plaintiffs, and a motion made by defendant for a new trial was refused.

*M. C. Jordan* and *A. W. Cockrell & Son* for Appellant.

*Randall, Walkers & Foster* for Appellees.

We first notice the point made in the brief of Messrs. Cockrell, that the court "erred in admitting the bare decree of foreclosure in support of the Master's deed." They insist that the whole record should have been introduced. We have only to remark, as to this, that the entire record was afterwards introduced and went to the jury, and the court has a dozen times held that even if an error was committed in receiving testimony of this sort in the outset, such error is cured by the subsequent introduction of the whole record by either party.

The more important question is the status of the parties, the mortgage having been foreclosed without making the grantee of Warrock, the mortgagor, a party, and his right to redeem not having been barred by the foreclosure. Warrock had title to the property and mortgaged it to Bene-

dict, who assigned to Sayre. On commencing the suit to foreclose, Warrock being in possession, surrendered that possession to Sayre. Sayre's possession was then a lawful possession, and he could hold it as against Warrock or his grantee until the money was paid. This has been the ruling of the courts of law and equity wherever statutes like our own prevail, which declare that the mortgagee cannot maintain ejectment upon condition broken, and can only recover after due foreclosure and sale.

In Trimm vs. Marsh, 54 N. Y., 599, 606, a case strongly relied on by appellant, decided in a State where the mortgagee's interest is not a fee but a lien, (which is all that our statute declares) lays down the law that the mortgagee being lawfully in possession may hold that possession against the mortgagor and his assigns until the mortgage debt is paid. The possession is a just and lawful one like the possession of any other pledge, and being in possession, he may defend against ejectment, and may bring ejectment to recover or retain it. See also opinion of Raynolds, J., pp. 609, 610, and authorities cited. Gillett vs. Eaton, 5 Wis., 40 ; Tallman vs. Ely, 7 Wis., 256 ; Chase vs. Peck, 21 N. Y., 586.

Jordan was a mere interloper and trespasser, he having unlawfully taken forcible possession, and if there had been no foreclosure the mortgagee could have maintained ejectment against him and his " tenants."

But there was a foreclosure, and the effect of this proceeding is challenged by the appellant. The authorities cited by him are invoked to show that Myers, who claims under a conveyance from Warrock subsequent to the giving of the mortgage, was not made a party to the foreclosure. What is termed a "necessary" party in such proceed-

16

ings, means *necessary to a complete foreclosure of the right of the mortgagor's grantee to redeem.*

Section 1394 of Jones on Mortgages, cited by appellant's counsel, is a mere essay, and its dicta are not supported by any authority. The next section, 1395, says the foreclosure is " effectual against those interested in the equity who are made parties. The sale *vests the estate in the purchaser,* subject to redemption by the owner of the equity or other person interested in it who was not made a party to the proceedings. *His only remedy, however, is to redeem. He cannot maintain ejectment against the purchaser.* He cannot have the sale set aside by intervening in the foreclosure suit. His only right is the right to redeem."

In Tallman vs. Ely, 7 Wis., 244, there was a foreclosure of a mortgage executed by Alden to Fitch, and at the time of the foreclosure and sale under decree the legal title had been conveyed to Rague, but Rague was not made a party in the suit to foreclose. The court decided that the mortgagee or his assignee in possession of the property could maintain possession against the mortgagor or his grantees until redemption by them by paying the mortgage debt ; that whatever rights the mortgagee or any of the parties had in the premises passed by the sale to the purchaser ; the thing sold was the property and the purchaser was entitled to the possession, which possession was in the mortgagee. So in this case, the assignee of the mortgagee was in possession at the time of the foreclosure and sale, and appellees claim that the possession passed to them by the sale and the purchaser's assignment to them, subject only to the right of the assignee of Warrock to redeem by paying the mortgage debt. Jones on Mortgages, par. 1395 and notes.

The interruption of the plaintiffs' possession by the trespasser Jordan and his " tenants " was not under any

claim of title or right whatever, and as against them it is unnecessary to cite books to show plaintiffs' right to recover. Jordan's acquisition of Myers' right to redeem from the mortgage and sale was an assignment only of that right.

A foreclosure of a mortgage is in the nature of a proceeding *in rem*, (Freische vs. Kramer, 16 Ohio, 125,) except so far as a judgment may be had for a deficiency after sale, and the sale under the decree carries the property itself, subject only to the right to redeem, and especially is this so in the present case, where the holder of the mortgage was in actual lawful possession at the time of the sale.

The case of Howell vs. Leavitt, 95 N. Y., decides nothing whatever in the present case. There the mortgagee had taken a wrongful possession, because the owner was dead, and neither his administrator nor heirs were parties, nor was the mortgagee in possession at the time of the foreclosure and sale. The matter decided was that " possession of real estate by a mortgagee, acquired by force or fraud, against the will and consent of the owner, and without color of lawful authority, is not a defence to an action of ejectment brought by such owner." In the case at bar, the mortgagor remained in possession up to the commencement of the foreclosure suit as the ostensible owner, and the mortgagee, Sayre, was given possession, voluntarily, as mortgagee, there being no element of force or fraud in the transaction. In the case of Howell vs. Leavitt, Howell was recognized as the owner. In the case at bar, the mortgagee had no actual notice that any other than the mortgagor was the owner, and the foreclosure was commenced against the mortgagor in possession under his own title. Myers never had possession. " The possession (of the mortgagee) requisite for such a defence (*i. e.,* a mortgagee

in possession) must have about it at least some basis of right as against the owner evicted. Often his assent or acquiescence may be inferred from slight circumstances, but the right cannot be founded on an absolute wrong." Howell vs. Leavitt, p. 621. The court there recognized the right of a mortgagee in peaceable possession. We notice that the court in that case is inclined to question the right of a mortgagee even in a lawful possession, but, as in other cases in New York, the courts in Wisconsin, Ohio and other States held that the right of a mortgagee to defend a possession lawfully acquired, has never been abolished by the Legislature. Such right is consonant with the contract of mortgage, and there is nothing in our statute abrogating the right to keep such lawfully acquired possession, though it cannot be recovered by mortgagee against an owner in actual possession. And we remark here that this suit is not against Myers nor his tenant, but against a trespasser. Indeed the right of a mortgagee in possession is recognized in McMahon vs. Russell, 17 Fla., 693, cited by appellant's counsel.

Myers took from Warrock, subject to the mortgage. The foreclosure sale was a sale of the land, the *rem* and the possession, subject to the right of Myers to redeem, and thus place himself in an attitude to acquire the possession lawfully.

The mortgage by its terms covered the title Warrock had at its date. The sale carried that title and the possession ; such title as Warrock had at the date of the mortgage, but subject to redemption by his assigns or creditors, and *subject only to that right.*

We insist that though the statute has in terms taken away the right of the mortgagee to recover in ejectment on account of the non-payment, which, in the language of the courts, reduces the mortgage in that respect to a lien upon

the property, yet this statute is but a, reiteration of the rules of the chancery courts in England and America, in force for more than a century. The mortgagee by that rule, as by our statute, could not recover possession by ejectment, but only by a foreclosure and sale. Yet we have not discovered the authority for holding that the mortgagee, when placed in possession by the mortgagor, could not maintain that possession until the mortgage was discharged. As we have before said, this right has not been destroyed by any act of legislation. Howell vs. Leavitt does not go to that extent, but so far as its intimations go in that direction it stands alone and is not decisive of anything beyond the case itself. In fact, the question was not involved, and as to that it is mere *obiter dictum.*

Upon the face of the statute, its purpose was to prevent a recovery of possession by reason of default of payment, and to abrogate what it terms a "*constructive possession,*" as against the mortgagor.

We repeat, in conclusion, the language of Mr. Jones: " The sale vested the estate in the purchaser, subject to redemption by the owner of the equity, or other person interested in it, who was not a party to the proceedings. His only remedy is to redeem. His only right is the right of redemption." And whether as a mortgagee in possession or as such purchaser, the plaintiff may protect his right of possession, however it be attacked by one who does not redeem.

As to the question suggested at the end of appellant's brief, that the verdict was wrong in that it found that plaintiff had the fee, we insist that such was his title, and even if it had been less, this defendant, a trespasser, has no ground of complaint.

The charge and refusal to which the defendant excepted were therefore not erroneous.

MR. JUSTICE RANEY delivered the opinion of the court:

The first question to be disposed of is as to the introduction of the decree of foreclosure in support of the master's deed, in the absence of such prior proceedings as showed jurisdiction. In so far as jurisdiction of the parties to the suit in which this decree was rendered is concerned the objection was cured by the defendant, Berlack, having introduced the bill and other proceedings in the cause. The effect of this decree and the other proceedings in the suit, including the sale, upon the land and the defendant's rights therein, are to be considered.

The subpœna in the foreclosure suit was issued on the 25th day of September, 1879, and was served on the next day. At this time the legal title was and had been in Myers for more than three years, by deed from Warrock and wife made March 20, 1876, and recorded in the clerk's office of Duval county nine days after its execution. It is true that that there had been a failure to comply with the conditions of the mortgage prior to the conveyance to Myers, but this did not vest the legal title in Benedict, the mortgagee, nor in his assignee, Sayre; it remained in Warrock until he conveyed it to Myers. The legal title is divested only by forfeiture of the conditions and a sale under the decree of the court. The mortgagor remains until a sale, seised in fee. McMahon vs. Russell, 17 Fla., 698 ; Pasco vs. Gamble, 15 Fla., 562. Cases which maintain, as Frische vs. Kramer, 16 Ohio, 138, and others, that as between mortgagor and mortgagee, and persons holding under either or both after condition broken, the *legal* estate becomes absolute in the mortgagee, subject however to be redeemed by payment of the debt, are not consistent with

the former decisions of this court, or with our own views of the statute.

The owner of the legal title is a necessary party to a suit for foreclosure of a mortgage. Jones on Mortgages, §1394; Barbour on Parties, 502; Hall vs. Nelson, 23 Bar., 88; Reed vs. Marble, 10 Paige, 409. Myers was not a party to the foreclosure suit, so the title remained in him unaffected by it, (Reed vs. Marble, *supra*; Wilson vs. Spence, 20 Wend., 260,) and is now in Jordan. The decree did not change Sayre's status to the land. Warrock and wife having conveyed, they had no longer any right to redeem the land from mortgage, as holders of the legal title, whatever Warrock's duty to pay the debt secured by the mortgage was. The legal title has never been in Benedict or Sayre. The mortgage did not put it in the former; nor did the alleged foreclosure suit, decree and sale put it in Sayre, because the legal title was not before the court; and consequently it was not conveyed by the deed to Mrs. Halle. She has no better status than that of an assignee or holder of the mortgage with, to say the most, an accounting decreed against Warrock, whatever such decree may be worth as such an accounting as against the holder of the legal title.

There is nothing to show that Warrock, who continued in possession after his conveyance to Myers, held adversely to Myers. When he gave possession to Sayre he did not have the legal title, it was in Myers; he must be presumed to have held under Myers' title, and not adversely. Bedell vs. Shaw, 59 N. Y., 46. Had he then held the legal title, we do not think that a mere surrender of possession to Sayre would have passed such title to the latter. Trimm vs. Marsh, 54 N. Y., 599.

It is not necessary for us to question the doctrine of those cases which hold that a mortgagor or his assigns can-

not recover in ejectment against a mortgagee lawfully in possession. There is nothing to show that Sayre was ever lawfully in possession as against Myers or that Warrock, who prior to putting Sayre in possession had conveyed all his interest in the land to Myers, was authorized by the latter to deliver possession for him to Sayre. Had Warrock delivered possession before making the deed to Myers the case of Gillet vs. Eaton, 6 Wis., 30, would be more in point, yet there would still be the difference that in it, as in Tallman vs. Ely, Id., 244, the mortgagee was in possession defending, while here he is suing an ejectment for possession. Sayre's possession as against Myers is no better than Warrock's, and there is no basis in the record for the position that Myers could not recover against Warrock, were he in possession. The lawful possession as against the mortgagee is with the holder of the legal title under our statute, at least until it be shown that he has parted with it of his own volition or it has been taken from him by judicial proceedings to which he is a party. In Tallman vs. Ely, the mortgagee was regarded as lawfully in possession, and the doctrine of Frische vs. Kramer, *supra*, is approved. In Howell *et al.*, vs. Leavitt, 95 N. Y., 617, it is said that " in most of the cases which have upheld the right of the mortgagee to possession, his possession was obtained with the consent express or implied of the owner of the land, although in some of them the mode of acquiring possession did not distinctly appear, and in many the rule is stated quite broadly and with little of restriction or limitation." Assuming that the right of retention of possession against an assignee of the mortgagor will be recognized under our statute, we think such right of possession must emanate from the mortgagor while he is the owner of the legal title, or in other words, prior to his conveyance of it to his grantee. The burden is upon the mortgagee to

show that he has the right to possession. Goss vs Welwood, 90 N. Y., 638 ; Bedell vs. Shaw, 59 N. Y., 46. And under our statute an ordinary mortgage is not itself evidence of any such right. Gamble & Poole vs. Pasco ; McMahon vs. Russell, *supra.*

As the legal title was not affected by the foreclosure proceedings, or the deed under them, we do not think such proceedings or deed were of any effect to show a legal title in Sayre, as against Myers, or Jordan, or any one claiming under them. Reed vs. Marble, 10 Paige, 409.

Upon the rule, that in ejectment the plaintiff must recover upon the strength of his title, Mrs. Halle has no standing, for she has not connected herself with the legal title, except to show a specific lien upon it which is not the basis of a recovery in this action. Gamble & Poole vs. Pasco, *supra ;* nor has she shown a lawful possession emanating from the holder of such title.

The testimony shows no act of possession by Sayre subsequent to April, 1883, when Spearing says he turned over the possession to Sayre. Jordan, without warrant from another, took possession, and he built up the fences about June 14, 1884. How long before this he had been in possession, he does not say. He says the property was vacant and unoccupied when he took possession. He allowed Hernandez to occupy it and the defendant was his tenant at the execution and delivery of the deed by Myers, and of the institution of the action of ejectment ; that he, Jordan, was in actual possession, and the deed from Myers covers the property.

The testimony shows that the defendant was in possession under Jordan, and Jordan at the commencement of the action held the legal title, and such being the case, under the facts as reviewed above, we think his possession is protected by title from Warrock, through Myers, against

the plaintiffs, who have no legal title, and no authorized possession as against Jordan as the holder of the legal title from Myers.

The Circuit Judge erred in the charge he·gave to the jury, and in refusing to give the instructions offered by the defendant. The former is in conflict with the views we have expressed, and the latter are consistent with such views as will be seen by considering them.

The judgment is reversed and a new trial granted.