## Hicks v. Winn, et al.

(Decided March 9, 1923.)

## Appeal from Barren Circuit Court.

1. Infants—Cannot be Plaintiffs in Action for Sale of Interests in Land.—Under Civil Code of Practice, section 489, providing that the estate of an infant may be sold for the payment of any debt of his ancestor with which he may be legally chargeable, in an action brought against him pursuant to section 428, the infant must be a defendant in an action for such sale, and must be served with process in one of the ways set forth in Civil Code of Practice, section 52, so that the court is without jurisdiction to order the sale, where the infants appeared as plaintiffs, by their guardian, and were not served with any process.

2. Infants—Appearance as Plaintiffs Does not Excuse Failure to Serve Procees for Sale of Land.—Civil Code of Practice, section 97, subsection 2, providing that no summons is required upon a set-off or counterclaim against the plaintiff, does not apply where contrary to the statute, infants were joined as plaintiffs in an action to sell their interests in their ancestors' lands for the payment of debts, and where the defendants filed a counterclaim.

3. Infants—Sale of Infants' Lands in Action in which they were Plaintiffs is Void.—A sale of the lands of infants to pay the debts of their ancestors, ordered in an action in which they appeared as plaintiffs and were not served with process, is void, and not merely erroneous, and is therefore subject to collateral attack.

MORRIS & JONES and MAX B. HARLIN for appellant.

BASIL RICHARDSON, JOHN B. RODES and GAINES & GARDNER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Reversing.

Exceptions were filed by appellant Hicks to the master commissioner's report of sale of lands of which he became the purchaser at decretal sale, and this appeal is prosecuted from the order overruling said exceptions. The basis of the exceptions is the alleged invalidity of a proceeding in the Warren circuit court, brought in 1908, for a settlement of the estate of one Ellis, deceased, in which it was averred that his personal property was not sufficient to pay his debts and that the real property now in contest, but then owned by Ellis, should be sold to raise funds with which to settle his indebtedness. Ellis at his death left a widow and several infant children surviving.

In the suit in the Warren circuit court for a settlement of the Ellis estate, the administrator, who was also the guardian of the infant children of Ellis and the said infant children, were all made plaintiffs, and the Bank of Smith's Grove and Mrs. Parker were made defendants. The defendants made their answer a counterclaim and set up their several claims against the estate of Ellis, but no process was issued either on the petition aforesaid or the counterclaim against the said Ellis infants. Neither was there any guardian *ad litem* appointed to defend for them, nor was any report of guardian *ad litem* filed or other defense made for or on behalf of the said infants.

Appellant Hicks insists that the judgment entered on a record in that condition was not merely erroneous and voidable, but absolutely void, while the appellee Winn, as administrator of Austin in the present action, contends that the judgment was merely erroneous in that there was no guardian *ad litem* appointed and no guardian *ad litem's* report filed or defense made for the infants, although he insists that the infants were properly before the court and that the court had at the time it entered the said judgment jurisdiction not only of the person of the infants but of the property as well.

Both parties to this litigation admit that the Ellis suit in the Warren circuit court was commenced under and prosecuted pursuant to sections 428 and 489 of the Civil Code, primarily for the settlement of the estate of the decedent Ellis, which required the sale of all his real property for the payment of his debts. Subsection 1 of section 428 of the Civil Code reads as follows:

"A representative, legatee, distributee or creditor of a deceased person may bring an action in equity for the settlement of his estate (provided that no such suit shall be brought by any of the parties named except the personal representative until the expiration of six months after the qualification of such representative)."

Section 489 of the Civil Code, in so far as relevant, reads:

"A vested estate of an infant or of a person of unsound mind, in real property, may be sold by order of a court of equity.

"1. For the payment of any debt or liability of his ancestor or devisor with which he may be legally chargeable, in an action brought against him pursuant to section 428; or in an action brought against him by a creditor

of the ancestor or devisor, unless it be enjoined pursuant to section 436.''

It will be observed from a reading of section 489 that a court of equity may direct the sale of the land of an infant for the payment of the debts of his ancestor only in an action brought against the infant. In every such case the infant must be a defendant. It follows that as a defendant the infant must be served with process in one of the ways set forth in section 52 of the Civil Code. The three subsections of section 489 each employ the words ''in an action brought against him,'' the infant, plainly indicating that in all actions brought under this section for a sale of real property belonging to infants such infants must be made defendants and served with process as pointed out above.

It is insisted, however, that as the defendant debtors in the Ellis action filed a counterclaim against the infants and other plaintiffs, there was no need of process under subsection 2 of section 97 of the Civil Code, which reads: ''No summons is required upon a set-off or counterclaim against a plaintiff.'' This provision of the Code has no application whatever to proceedings like these instituted under section 489 where the purpose is to extract title to real estate from infants, for the infants can not be plaintiffs in such proceedings. In effect and fact the infants are not before the court.

Appellee, administrator of Austin, argues that the opinion in the case of Whalen v. Hopper's Admr., 152 Ky. 727, supports his contention that infants may be made plaintiffs and thus avoid the necessity of serving them with process. He bases this insistence upon this language in the opinion: ''As to the claim of the building association and Hutchinson, the infants being plaintiffs in the action and these claims being set up as a counterclaim by the defendants in their answer, while no process on the infants who were plaintiffs in the action was necessary, it was necessary that defense be made for them as to these claims before judgment was rendered against the infants.'' He also places great reliance upon the case of Webb v. Webb's Gdn., 178 Ky. 152, to support the same contention. There is nothing in either of these cases, as we read them, that is contrary to the principle announced above. The spirit and import of these and other opinions to which appellee has referred are in harmony with the view herein expressed. Whatever may appear to be intimated to the contrary in opinions cited

by appellee must yield to the plain provisions of section 489 of the Civil Code requiring all infants to be made party defendants, which, of course, carries with it the imperative necessity of serving them with process as provided in section 52 of the Civil Code. Chapter 13, Grider's Judicial Sales. The infant defendants were not before the court in the case of Scrivner's Admr., etc. v. Deposit Bank of Smith Grove, and the judgment in that case was therefore void, not merely erroneous. Being void it is subject to collateral attack. The judgment overruling the exceptions to the report of sale in the Austin case was erroneous.

The judgment of the lower court being erroneous is reversed for proceedings not inconsistent with this opinion.

Judgment reversed.