Affirming.
Exceptions were filed by Hegarty, the purchaser, to the report of sale of the master commissioner in this proceeding brought in the Fayette circuit court by appellee trust company as guardian of the infant, Thomas D. Arkle, to sell his lands for reinvestment, but the exceptions were overruled by the chancellor, and this appeal results. The exceptions were as follows:
 "First: Because the defendant, Thomas Dudley Arkle, is not properly before the court.
 "Second: Because the guardian did not give bond as required by section 186d-1 of the Kentucky Statutes.
 "Third: Because facts were not stated in the petition showing that a sale would be beneficial to the infant defendant as required by section 492 of the Civil Code."
The principal reliance of appellant is upon the first exception. The purchaser contends that the infant defendant was not properly before the court, and that the judgment is, therefore, void. Alwyn Arkle and Whitney Lee Arkle, husband and wife, were the father and mother respectively of the infant, Thomas D. Arkle, a party defendant to the proceedings to sell the land. They resided in Lexington, Fayette county. When the child was very young the mother fell sick and was required to go to California for her health. The husband remained in Lexington, working in a bank. The mother took with her the infant child and her mother. When she left for California *Page 17 
she expected to return to Kentucky as soon as she regained her health, but after arriving in California and remaining there some months she decided she would have to continue her stay. Her mother and husband were not congenial, the husband complaining that the mother-in-law intermeddled in family affairs. At any rate the wife instituted an action in California against the husband for divorce and the custody of the infant child. The proceeding was upon constructive service and divorce was granted the wife and the custody of the child was awarded to her. Later the mother-in-law was appointed guardian of the child. In the meantime the wife died in California. Before for death, however, the husband instituted an action for divorce here in the Fayette circuit court and obtaining constructive service, judgment was entered in his favor. After the death of the wife this action for a sale of the land in Fayette county for the benefit of the infant was instituted by the trust company as guardian.
The real property in question was owned by W. D. Drake, father of Mrs. Arkle and grandfather of the infant. Before his death Drake executed a will in which, after making certain specific devises, he incorporated this paragraph:
 "All the rest, residue and remainder of my estate of whatever kind and description and wherever situated, I devise and bequeath to my brother, F.P. Drake, in trust for the benefit of my daughter, Whitney Lee Arkle, during her lifetime with remainder to her children or the descendants of those who may be dead at the time of her death, the trust herein created to be continued until the youngest of said children shall attain the age of twenty-one years, at which time the trust shall terminate and the trustee will divide or distribute the estate among those entitled to receive the same."
The trust company is now administrator under the will of Drake. Appellant now insists that the exceptions to the report of sale should have been sustained and the sale set aside because the infant defendant, less than fourteen years of age, was a nonresident of the state and absent therefrom, or, if not a nonresident, was absent from the state and had been so for more than four months next before the commencement of the action, and *Page 18 
that the service of the summons upon the father in Fayette county was not sufficient under section 52 and section 57 of the Civil Code of Practice, to give the court jurisdiction of the infant. Section 52 reads:
 "If the defendant be under the age of fourteen years the summons must be served on his father, or, if he have no father, on his guardian; or, if he have no guardian, on his mother; or, if he have no mother, on the person having charge of him."
The summons in the case was issued for the infant defendant, Thomas D. Arkle, and served upon his father, Alwyn Arkle, residing in Lexington, Fayette county, Kentucky. Appellee insists this was sufficient to put the infant before the court because there is no exceptions to the provisions of section 52 of the Civil Code requiring process in the case of an infant under the age of fourteen years to be served upon his father, if he have one, and if not, upon his guardian, and if no guardian then upon his mother; and if he have neither father, guardian or mother upon whom process may be served, then upon the person having him in charge. Appellants admit that the service would have been good had the infant defendant been in. Fayette county, Kentucky, at the time the summons was served upon the father, but insists that it was not good as served because the infant defendant was not in Kentucky with the father but was with its grandmother in California; that it was a nonresident of the state of Kentucky; or if not a nonresident at least absent from the state of Kentucky for more than four months before the commencement of the action, and in either event the infant should have been proceeded against under section 57, which provides that "If the defendant be a nonresident of this state and believed to be absent therefrom, or . . . have been absent therefrom for four months, . . . the clerk shall, subject to the provisions of section 58, make upon the petition an order warning the defendant to defend the action on the first day of the next term of the court which does not commence within sixty days after the making of the order," and appellants further insist that process under section 52 was insufficient to bring the infant defendant before the court. It is conceded by all parties that an infant defendant under fourteen years of age may be brought before a court by constructive service of process. Powell *Page 19 
v. Bear, 143 Ky. 282. In answer to the argument of appellant that a warning order was the only mode by which the infant defendant could be brought before the court, appellee says: "The fact of nonresidence makes no difference, because if a nonresident be in the state personal service must be had. It is the fact of absence from the state that permits constructive service. Does then the fact that an infant may become a nonresident of Kentucky and is absent therefrom, or though a resident of this state, has been absent therefrom for more than four (4) months require a different mode of procedure, even though the father of the infant be a resident of this state and available for the service of process? The question may be stated a little differently: Must the infant child be within this state at the time summons is served for him upon his father? It would seem absurd to say that a summons could not be served on a father residing on one side of the Ohio river for his infant child who happened to be residing on the other side of the river; whereas, if the father should take the child in his arms and bring him across the river and within this state summons could be served. In the latter event a warning order could not be made, because no one could make an affidavit that the defendant was absent from the state. Such a conclusion, it seems to us, could be justified only by an arbitrary and inflexible rule of law without rhyme or reason to support it. Suppose the infant were a nonresident of Kentucky, but had been in the state when the suit was filed. Clearly service on the father in that event would have been good, in fact, the only method available. Again, if absence from the state for four (4) months necessitates a change in the method of procedure, then what happens in the first four months of absence? Section 57 could not apply, and during the first four months summons could not be so served — an inconsistency it seems to us — at least the product of a senseless law which would shame any legislature that passed it. We insist that not only was the procedure adopted the proper procedure, but that had we proceeded under the circumstances in accordance with section 57 of the Code such procedure would have been erroneous. We can well imagine that had we proceeded on constructive service the purchaser would now be excepting to the sale upon the ground that the summons ought to have been served personally upon the father of the infant, who was within the jurisdiction of the court. *Page 20 
The necessity for service of process against a resident infant, in accordance with section 52, is admitted, and, of course, is so well settled that authority is unnecessary. As late as the case of Hicks v. Winn, 198 Ky. 192, this court reannounced such necessity. Upon the question raised by counsel for appellant, however, we have been unable to find any authority. If it is in existence we do not know it."
The infant was only about six years of age at the time the process was served, but at that time had been absent from the state of Kentucky for a year or more. Whether he was a nonresident within the legal meaning of that term, we deem it unnecessary to determine, since it is admitted that he had been absent from the state for more than four months at the time of the commencement of the action and was not present in the state at the time the summons was served upon the father in Fayette county, Kentucky. Hence we can see no reason why the the service of process upon the father under the circumstances of this case was less effective as notice to the infant than it would have been if the infant had been in the arms of its father at the time the sheriff handed the summons to the father. We think the proposition incontestable that if the summons had been served upon the father the first week after the infant arrived in California but before the end of the four months' period provided for in section 57 that it would have been held sufficient to bring the infant before the court. If that be so, why should it be otherwise when the summons is served in like manner upon the father and the infant has been away only a few months longer, and is of such tender age as to be presumed, if not actually, unable to comprehend the meaning of the summons, or the nature of the proceedings, for the sale of its land for the purpose of reinvesting the proceeds? Counsel for both appellant and appellee admit that they are unable to find a case in point, and we have not found any case holding either directly or by necessary inference that an infant defendant under the age of fourteen years may not be brought before a court for the purpose of adjudging the sale of its lands by the service of a summons upon its father at the place of his residence in the county where the lands of the infant to be affected are located. Section 52 of the Civil Code makes no reference to section 57 whatever, and section 57 makes no reference to section 52. If there had been a more effectual way of serving process upon *Page 21 
an infant under fourteen years of age than by delivering a copy to the father of the latter, then the legislature was unaware of it. We can conceive of no better way to bring actual notice to an infant than by serving a summons upon the father, in whom it must be presumed is an abiding desire to protect not only the infant but his property and his property rights. The lawmaking body providing the manner of serving process upon an infant under fourteen years of age, made no exception in cases where the infant is absent from the state. Certainly there would have been no more actual notice, if as much, had the plaintiff in the case before us have caused a warning order to have been entered upon the petition as provided by section 57 of the Civil Code warning the infant to appear and defend the action than there was from the service of the summons upon the father in Fayette county where the lands lie and by the appointment by the court of a guardian ad litem for the infant, whose duty it was to correspond with and inform the infant of the nature and pendency of the actions and to represent him as an attorney through the proceedings. This was done in addition to serving the father with a summons. We hardly think a court would be justified in assuming that the general assembly did not mean what it said when it provided in section 52 that a summons for a defendant under the age of fourteen years must be served upon its father, if he have a father. Nor are we authorized to interpolate the words into a statute which is otherwise plain. In either event, whether the process is had under section 52 or under section 57 the notice to an infant of such tender age is nothing more than constructive and cannot amount to actual notice in the ordinary meaning of that term. We, therefore, conclude that the exceptions based upon the theory that a warning order should have been issued for the infant defendant instead of serving process under section 52 of the Civil Code, is without merit and must be rejected.
Appellant's next insistence is that a bond in accordance with section 186d-1, Kentucky Statutes, was not given in this case before the sale of the property. That section of the statutes requires the execution of a bond by any state, county, city or other public official, and "the bond required by law of any depository of state, county, city or other public funds, and the bond of any executor, administrator, guardian, committee, assignee, or other *Page 22 
fiduciary and any other bond required by law for the discharge or performance of any public or fiduciary office of trust or employment shall be a covenant to the Commonwealth of Kentucky, from the principal and surety, or sureties, that the principal will faithfully discharge the duties of the office of trust or employment, and such bonds shall be limited in a definite penal sum, which shall be determined and fixed by the officer or officers whose duty it is to approve the bond." The suit was under section 489 of the Civil Code for sale of land of the infant for reinvestment. Unless the bond required by law be executed in such case before the sale the sale is void. Duncan v. Woods, 211 Ky. 600. In fact, the code so provides. In recognition of this rule the guardian executed the bond required under section 493 to comply with subsection 5 of section 489 of the Civil Code. This was all that was required, for section 186d-1 of the statutes is merely directory as to the penal sum and does not invalidate a bond which does not contain such sum but which conforms to section 493 of the Civil Code. It follows this exception to the report of sale was also without merit.
The third exception was based upon the ground that the guardian appointed in Fayette county, Kentucky, had no right to bring the action because the court of California had attempted to appoint a guardian for the infant in that state. Appellant admits, however, that he can find no authority for his position in respect to this ground of exceptions, and we think there can be none.
Lastly, appellant contends that the averments of the petition with respect to the benefits to be derived from a sale of the infant's lands are not sufficient to show that a sale will benefit the infant as required by section 492 of the Civil Code. The petition avers that the real estate proposed to be sold is located in Lexington; that it cannot be occupied or used by the infant as a home; that it is rapidly deteriorating and will continue to do so in all probability; that it can only be profitable for renting but that the rental obtainable for the property is too meager to meet all expenses of repairs, upkeep, insurance and taxes and pay a reasonable return upon the investment; that the infant is only three years of age and cannot himself employ the property as a home; that the property cost $13,500.00 and that the guardian has a proposition from a solvent person to pay $15,000.00 for the property, and that $15,000.00 is a good price therefor. Taken in connection with the other averments of the petition we *Page 23 
think it is sufficiently shown by the pleadings that the sale of the property would be to the advantage of the infant. This ground of exception must, therefore, be overruled.
Finding no error to the prejudice of the substantial rights of appellant the judgment is affirmed.
Judgment affirmed.