## Broaddus v. Tevis.

Dec. 14, 1943.

Hugh Riddell for appellant.

No brief for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Reversing.

B. W. Broaddus died testate in the year 1888, survived by his widow and his only child, the appellant, who was then about six years of age. His home farm, the one in controversy in this action, was in Madison County and he owned another farm in Estill County. His will was rather long and involved but the parties treat it as having devised the home farm to the widow as long as she remained the testator's widow, with remainder in absolute fee simple to the appellant, and as having devised the Estill County farm in absolute fee simple to the appellant, and we treat it likewise for the purposes before us.

The widow renounced the will and married the appellee, Evan R. Tevis, and the Madison County farm was set apart to her as her dower.

In the year 1889 the executor filed suit against Mr. and Mrs. Tevis and certain creditors of the testator for the settlement of the estate, alleging that it would be necessary to sell a portion of the land for the payment of debts. The executor, professing to be statutory guardian of the appellant, also sued as such guardian, the appellant not being made a party defendant.

The cause was referred to the Master Commissioner, who filed a report of estate and claims, and it was found to be necessary to sell land to pay the debts. The Madison County farm was sold subject to the widow's dower and the appellee, Tevis, became the purchaser at the price of $1000. Deed was executed to him in the year 1891. The purchase price was not sufficient to pay the debts and a small portion of the Estill County farm was sold to make up the deficiency.

This action was filed by the appellant in 1939 to set aside the appellee's deed to the Madison County farm, it being alleged that the judgment of sale and the deed executed pursuant thereto were void. It was further alleged that the executor, who sued as statutory guardian of the appellant, never qualified as such.

The substance of the appellee's pleading was that for many years the appellant knew about the sale and the execution of the deed and was guilty of laches in failing to sue and various statutes of limitation were also pleaded. He pleaded further by counterclaim that the $1000 paid by him for the land had been used for the appellants' benefit in the payment of claims for which the land de-

vised to him was subject and that money so paid by him had prevented the sale of the Estill County farm, preserving it for the use and benefit of the appellant. He prayed that if his deed be adjudged void he be given a lien on the land for his $1000, with interest from the time of payment.

Proof was heard, during the course of which the appellant testified that he knew nothing about the deed to the appellee until he was told about it by his mother about two years before this action was filed and that he had always assumed that the farm would revert to him after his mother's death. It may here be noted that Mr. and Mrs. Tevis had continuously resided on the farm up to the time of the filing of this action.

The chancellor denied the relief sought and dismissed the petition and the appeal is from that judgment.

It is clear that the judgment of sale and the deed executed to the appellee pursuant thereto were void as to the appellant. Sec. 489 of the Civil Code of Practice authorizes the sale of an infant's land for the payment of debts of his ancestor in an action brought against him pursuant to Sec. 428 of the Code. The latter section authorizes a representative of a deceased person to bring an action for the settlement of the estate and it was such an action in which the farm here in controversy was sold. But the infant owner may not be a plaintiff in such an action since Sec. 489 requires that the action be brought against the infant. We have frequently held that in such an action an infant heir could not be made plaintiff and that when he is the judgment is void. Hicks v. Winn, 198 Ky. 192, 248 S. W. 499, Bowles v. Bowles' Adm'x, 211 Ky. 250, 277 S. W. 260, Wyatt's Trustee v. Grider, 158 Ky. 440, 165 S. W. 420. Consequently, even though the executor may have been the duly qualified guardian of the appellant, the judgment of sale and the deed executed pursuant thereto were void.

And, although the deed was executed forty-eight years before the filing of this action and although the appellant was twenty-one years of age more than thirty years before the filing of the action, limitation is not available to the appellee since he was not in possession of the farm. It is true he was living on it but the possession was that of his wife, who was life tenant by virtue of the assignment of dower. It is settled that a remaind-

erman may bring an action of this character, which is an action to quiet title, during the life of the life tenant in order to establish his claim and be in a condition to make it available when the life tenancy terminates. Simmons et al. v. McKay et al., 5 Bush 25, Kellar et al. v. Stanley et al., 86 Ky. 240, 5 S. W. 477. It is equally well established that while the remainderman may bring such action he is not required to since quia timet is not a cause of action but is a right of action of a continuing nature against which limitation does not operate. Kypadel Coal & Lumber Co. v. Millard, 165 Ky. 432, 177 S. W. 270 275; Superior Oil Corporation et al. v. Alcorn, 242 Ky. 814, 47 S. W. (2d) 973. In the former case the court said "limitation or lapse of time does not perfect a defective record title in the absence of possession." In the case before us the appellant was justified in assuming that the possession of the farm was in his mother, the life tenant—he could not maintain an action for its possession until her death and the appellee was by his deed vested with title only to the remainder after his wife's death. Lapse of time, accompanied by the possession of the appellee's wife, did not perfect the defective title of the appellee.

But while the appellant is entitled to the relief sought by him, the relief must be granted upon equitable principles. The purchase price of $1000 paid by the appellee was used to discharge the debts of the appellant's ancestor for which the creditors had a lien upon the land and the application of this money to that purpose preserved for the appellant practically all of the Estill County farm. A cancellation of the deed without requiring repayment of this money with interest would be an unjust enrichment of the appellant at the appellee's expense. In the Restatement of the Law, Restitution, Sec. 162 the rule is laid down that "Where property of one person is used in discharging an obligation owed by another or a lien upon the property of another, under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred, the former is entitled to be subrogated to the position of the obligee or lien-holder."

Here the money of the appellee was used to discharge a lien upon the appellant's land under such circumstances that he would be unjustly enriched by the retention of this benefit and the appellee is therefore entitled to be subrogated to the position of the creditors

whose debts he discharged. In short, he is entitled to a lien on the land for the $1000 paid by him, with interest from the date of his deed.

The judgment is reversed with directions to enter a judgment in conformity with this opinion.