Steve **YTTREDAHL** et al., Plaintiffs and Respondents,

v.

**FEDERAL FARM MORTGAGE CORPORA-TION**, Defendant and Respondent,

and

**MIDDLEWEST INVESTMENT COMPANY** et al., Defendants and Appellants.

No. 7891.

Supreme Court of North Dakota.

Aug. 2, 1960.

Petitions for Rehearing Denied Sept. 14, 1960.

.F. Leslie Forsgren, Crosby, Ilvedson, Pringle, Herigstad & Meschke, Minot, Lawrence O'Connell, Williston, Samuel H. Dolve, Fargo, T. S. Stuart, Crosby, Degnan, Hager, McElroy & Lamb, Grand Forks, Harold A. Halgrimson, Fargo, Joseph P. Stevens, Minot, and Jansonius, Fleck, Smith, Lynch & Mather, Bismarck, for defendants and appellants.

Bjella, Jestrab & Neff, Williston, Telmar E. Rolfstad, Williston, Bosard, McCutcheon & Coyne, Minot, Walter O. Burk, Williston, Robert J. Barry, Stanley F. Casey and A. L. Quilling, Michael A. Schmitt, St. Paul, Minn., for plaintiffs and respondents, and defendants and respondents. spondents.

BANGS, District Judge.

This is a statutory action to quiet title, involving the title and interests of the appellants, who are the owners of nonparticipating Oil and Gas Royalties, in the total amount of 9½% of all the Oil and Gas produced and saved from the following described property in McKenzie County, North Dakota, namely:

Township 154 North, Range 95 West
Section 32; Lots 1 and 2

Section 33; Lots 1, 2, 3 and 4, S½ NE¼
SE¼ NW¼
Section 34; NW¼;

Township 153 North, Range 95 West
Section 4; Lots 2, 3 and 4, S½ NW¼
NE¼ SW¼
Section 5; Lot 1, SE¼ NE¼

A summary of the facts established by records and competent evidence is, as follows:

Lewis Skarda and Jessie Skarda, his wife, formerly Jessie Falls, made, executed and delivered to the Land Bank Commissioner, predecessor in interest of the plaintiff, a Real Estate Mortgage dated August 1, 1934, filed August 28, 1934, recorded in Book "114" of Mortgages at page 291 in the Office of the Register of Deeds of McKenzie County, North Dakota, covering the property above described.

The defendants, who are appellants herein, derived title through five conveyances of Royalty from Lewis Skarda and Jessie Skarda, which Royalty conveyances were made and recorded in 1936 and 1937, as follows:

(a) To Bertha Fries, 1% Royalty of all the oil and of all the gas produced and saved from the described lands, dated September 15, 1936 and recorded September 17, 1936;

(b) To Middlewest Investment Company, 1% Royalty of all the oil and of all the gas produced and saved from the described lands, dated September 15, 1936 and recorded September 17, 1936;

(c) To O. B. Herigstad 3% Royalty of all the oil and of all the gas produced and saved from the described lands, dated September 15, 1936 and recorded September 18, 1936;

(d) To Middlewest Investment Company, 2½% Royalty of all the oil and of all the gas produced and saved from the described lands, dated September 25, 1936 and recorded October 6, 1936;

(e) To Middlewest Investment Company, 2% Royalty of all the oil and of all the gas produced and saved from the described lands, dated March 30, 1937 and recorded April 9, 1937.

The above assignments were in the form of Assignments of Perpetual Nonparticipating Royalty and subsequent to the recording of said Assignments, the defendant Federal Farm Mortgage Corporation foreclosed by action the above mentioned Mort-

gage dated August 1, 1934, recorded August 28, 1934 in Book "114" of Mortgages, page 291.

None of the Royalty holders, namely the appellants herein, were joined as defendants in the Mortgage foreclosure action.

Pursuant to said foreclosure, the Judgment and Decree of Foreclosure dated June 19, 1939, filed June 19, 1939 was duly entered, and pursuant to said Judgment and Decree of Foreclosure, the real property above described, was sold to Federal Farm Mortgage Corporation, and two Sheriff's Deeds were made, executed and delivered to Federal Farm Mortgage Corporation, namely: A Sheriff's Deed dated August 7, 1940, filed December 31, 1941 and recorded in Book "44" at p. 273 and Sheriff's Deed dated August 7, 1940, filed February 18, 1943, recorded in Book "44" at p. 633.

The plaintiff, Steve Yttredahl, and those who claim through him, derived title from a Limited Warranty Deed to the real property involved in this action, made, executed and delivered by Federal Farm Mortgage Corporation to Steve Yttredahl, dated November 26, 1943 and recorded July 1, 1946. This deed excepted and reserved 50% of all right and title in and to any and all oil, gas and other minerals, in and under said land.

Pursuant to the consent of the Federal Farm Mortgage Corporation, the plaintiff, Steve Yttredahl, entered into possession of the land in 1942, and continued in possession after receiving the aforesaid deed in 1943. While in possession of the land, he cultivated and worked the land; raised wheat, oats, barley and alfalfa; fixed up the fence that was on the land and put in new fence; ran cattle upon the land; paid the taxes levied and assessed upon the land for the years 1942 to 1956 and for a period of time, permitted the buildings upon the land to be occupied by his son.

During 1949, these lands were leased for oil and gas development purposes, and the land is now producing oil and gas, and has been since June, 1953.

This action to quiet title was commenced during 1955.

The basic issue in this case, is whether or not the right, title and interest of the appellants, as Royalty Claimants, have been terminated.

■ A perpetual nonparticipating Oil and Gas Royalty is an interest in realty. Payne v. A. M. Fruh Company, N.D., 98 N.W.2d 27.

■ The rights of a purchaser of the mortgaged premises, or purchaser of a part of the mortgaged premises, who acquired title after the execution of the mortgage but before commencement of the foreclosure action, are not concluded by the judgment or decree in foreclosure proceedings to which he was not made a party. 59 C.J.S. Mortgages § 704, p. 1284; 37 Am.Jur. p. 46; and Tiffany Law of Real Property, 3rd Edition sec. 1534.

Foreclosure of the mortgage by Federal Farm Mortgage Corporation, without naming as parties in such foreclosure action, the owners and holders of royalty interests, did not eliminate the royalty interests of the defendants who are the appellants herein; and the Sheriff's Deeds that were issued and delivered to Federal Farm Mortgage Corporation pursuant to said foreclosure, did not convey and transfer to Federal Farm Mortgage Corporation, the royalty interests of the defendants who are the appellants herein.

When Federal Farm Mortgage Corporation made conveyance to the Yttredahls by a Limited Warranty Deed, on November 26, 1943, it did not and could not convey to the Yttredahls, the royalty interests of the defendants who are the appellants herein, for the reason that Federal Farm Mortgage Corporation had, at that time, no right, title or interest, in or to said royalty interests.

The only remaining question for decision in this case, is whether or not title by adverse possession was acquired by the Yttre-

dahls and Federal Farm Mortgage Corporation, with reference to the royalty interests of the defendants who are the appellants in this case.

◼ Whereas in this case, there has been a severance of the royalty interests from the ownership of the surface, the possession by the plaintiffs of the surface, with payment of taxes for the statutory period, does not constitute possession of the severed royalty interests and is not adverse as to the title-holders of the royalty interests. Bilby v. Wire, N.D., 77 N.W.2d 882.

Whereas in this case, the royalty interests have been severed from the surface estate, the possession of the surface estate and the use thereof for farming and grazing purposes, and the payment of taxes thereon, does not give title by adverse possession to the royalty interests. Such possession of the surface of the land is entirely consistent with the ownership of the royalty interests by the defendants who are the appellants herein.

◼ The trial judge found, however, that the defendants were barred from asserting their royalty interests by the ten year residuary statute of limitations. Section 28–0122, NDRC 1943. It was the trial judge's view that the recording of the sheriff's deed created a cloud upon the defendants' title to the royalty interests. He concluded that a cause of action to remove the cloud arose simultaneously with its creation, and that since the defendants' interest carried with it no right of possession the limitation began to run immediately upon the filing of the sheriff's deed for record. We cannot concur with the trial court's decision. The right to maintain an action to remove a cloud upon an interest in real property by one in possession thereof is a continuing right which cannot be barred by limitation, 54 C.J.S. Limitations of Actions § 124, p. 36; Grandin v. Gardiner, N.D., 63 N.W.2d 128. Likewise, the right of the owner of a nonpossessory interest in real property, such as a remainderman, to maintain such an action continues as long as possession of the property to which his right to possession will attach, is consistent with his interest. Broaddus v. Tevis, 297 Ky. 168, 177 S.W.2d 901. In the above case the court said (177 S.W. 2d at pages 902, 903):

"It is settled that a remainderman may bring an action of this character, which is an action to quiet title, during the life of the life tenant * * *. It is equally well established that while the remainderman may bring such an action he is not required to since quia timet is not a cause of action but a right of a continuing nature against which limitation does not operate."

It has been argued that if there is no limitation upon the time within which the owner of a nonpossessory interest in real property must bring an action to remove a cloud upon his title, there could be no security of title even as against second and third generation claimants and that such a result would create a chaotic condition which the law should not countenance. However, to say that there is such a limitation would be to say that a claimant to such a title under a void instrument could perfect his title by the lapse of time alone. Such a result would be contrary to the expresss provisions of Section 47–0121, NDRC 1943 which reads:

"Property may be acquired by:
1. Occupancy;
2. Accession;
3. Transfer;
4. Will; or
5. Succession."

For the reasons heretofore stated, we conclude that the judgment of the trial court should be and hereby is reversed and we hold that the plaintiffs are the owners of the real property heretofore described, subject to the royalty interests of the defendants set forth above in the total amount of 9½ percent and the reserved mineral

interest of the Federal Farm Mortgage Corporation, which mineral interest is also subject .to said·royalty interests.

MORRIS, Acting C. J., TEIGEN and BURKE, JJ., and CLIFFORD SCHNELLER, District Judge, concur.

SATHRE C. J., and STRUTZ, J., being disqualified did not participate.

PHILIP R. BANGS, District Judge of the First Judicial District, and CLIFFORD SCHNELLER, District Judge of the Third Judicial District, sitting in their stead.

On Petition for Rehearing.

PER CURIAM.

Two petitions for rehearing have been filed in this case. They raise objections which, for the most part, we deem have been adequately covered by the opinion filed. It is said, however, that our decision here is contrary to our decision in Payne v. A. M. Fruh Co., N.D., 98 N.W.2d 27. We think it may be helpful therefore to set forth our view as to the distinction between Payne v. A. M. Fruh Co. and the instant case.

The root of the distinction lies in the fact that in Payne v. A. M. Fruh Co., we were dealing with a tax title, while in the instant case the title is derived from a mortgage foreclosure. The sale of land for delinquent taxes is an administrative proceeding in rem. It is ex parte in nature and it is binding upon the owners of any interest or estate in the land without any notice other than the County Auditor's annual notice of tax sale. Chapter 57–24 NDRC 1943. Furthermore, the title which is sold at tax sale and made effective by the failure of the tax debtor to redeem is not the title of the tax debtor but a new and paramount title, derived from the state, to every interest upon which there was a lien for taxes. A tax deed issued pursuant to such a sale, even though the right of redemption of an owner of an interest in the land has not been terminated by a proper service of a notice to redeem, is evidence of a presumptively valid and paramount title to every interest in the land which was subject to the tax lien. Such title is a wholly new title from which no interest has ever been separated. The recording of the tax deed gives notice to the world of the extent of the grantees claim of title.. For these reasons we held in Payne v. A, M. Fruh Co. that possession under such a presumptive title was coextensive with the title and adverse to every interest upon which there had been a lien for taxes.

■ In states where the lien theory of mortgages prevails a mortgagor retains the right to convey valid title to the mortgaged premises, or a part thereof, subject to the mortgage lien. If a mortgagee wishes to subject such a grantee's interest to the mortgage lien he must join the grantee as a party in an action to foreclose the mortgage. If he fails to do so the grantee's interest is not affected in any way. A sale made pursuant to a special execution issued upon a judgment for foreclosure, sells only the interests of the persons who were parties to the action. A grantee of record who was not made a party to the action retains more than an equity of redemption, he retains his title to the granted interest unimpaired, subject to the lien of the mortgage to the extent that such lien has not been satisfied by the foreclosure sale. Goodenow v. Ewer, 16 Cal. 461, 76 Am. Dec. 540; Berlack v. Halle, 22 Fla. 236, 1 Am.St.Rep. 185; Annotation: 1 Am.St. Rep. 189.

In the instant case, the grantees of perpetual nonparticipating royalties were not made parties to the action to foreclose. Their titles to the royalties were therefore unaffected by the foreclosure and that fact appeared upon the face of the record. The possession of the surface estate by the purchaser of their grantor's interest at foreclosure sale was no more adverse to them

than continued possession by their grantor. In fact if the owners of the royalty interests had known of the foreclosure, they might well have concluded that the mortgagee considered that the mortgagor's remaining interest in the property was sufficient to satisfy the mortgage and that therefore he was proceeding against that interest alone. The petitions for rehearing are denied.

PHILIP R. BANGS, and CLIFFORD SCHNELLER, District Judges, and BURKE, MORRIS and TEIGEN, JJ., concur.

SATHRE, C. J., and STRUTZ, J., being disqualified did not participate, PHILIP R. BANGS, District Judge of the First Judicial District, and CLIFFORD SCHNELLER, District Judge of the Third Judicial District, sitting in their stead.