2001 ND 102

**Marvin R. REMMICK, Plaintiff
and Appellant**

**v.**

**Jeffrey J. WHITMAN, Defendant
and Appellee**

**and**

**All other persons unknown who have or
claim an interest in the property de-
scribed in the Complaint, Defendants.**

**No. 20000364.**

Supreme Court of North Dakota.

May 24, 2001.

Malcolm H. Brown, Malcolm H. Brown,
P.C., Bismarck, for plaintiff and appellant.

Timothy D. Lervick, Rolfson Schulz Lervick & Geiermann Law Offices, P.C., Bismarck, for defendant and appellee.

MARING, Justice.

[¶ 1] Marvin Remmick appeals from a summary judgment quieting title in mineral interests in Jeffrey Whitman. We hold Whitman's recorded mineral deed was not affected by a subsequent action to foreclose a mortgage on the real property because he was not a named party in the foreclosure action. We affirm.

[¶ 2] James and Cheryl Whitman owned real property in Kidder County. In 1978 and 1981, they mortgaged the real property to the United States. In 1992, the Whitmans executed a mineral deed for the property to their son, Jeffrey Whitman, and he recorded that deed in May 1992. In 1994, the United States sued James and Cheryl Whitman in federal court to foreclose the mortgage. The United States did not name Jeffrey Whitman as a party in that action. A judgment was entered in the foreclosure action. Remmick thereafter purchased the property at a marshal's sale, and he was issued a marshal's deed.

[¶ 3] Remmick brought this quiet title action against Jeffrey Whitman. Whitman admitted Remmick had a surface interest in the real property, but Whitman alleged he owned the mineral interests. Whitman moved for summary judgment. The trial court granted summary judgment, quieting title in the mineral interests in Whitman. The court concluded, under *Yttredahl v. Federal Farm Mortgage Corp.*, 104 N.W.2d 705 (N.D.1960), Whitman's mineral interests were not terminated by the United States' foreclosure action. Remmick appealed.

[¶ 4] Remmick argues Jeffrey Whitman's actual knowledge of the United States' foreclosure action and sale of the land renders our decision in *Yttredahl* inapplicable, and there are factual issues regarding Whitman's knowledge.[1] Remmick claims he did not have sufficient time for adequate discovery before the court granted summary judgment, and he therefore was precluded from showing Whitman had actual knowledge of the foreclosure proceeding. Whitman responds his knowledge of the foreclosure proceeding is immaterial under *Yttredahl* and North Dakota law, and Remmick did not ask the court for a continuance for further discovery under N.D.R.Civ.P. 56(f).

[¶ 5] Summary judgment is a procedural device for the prompt and expeditious disposition of a controversy without a trial if either party is entitled to judgment as a matter of law, and if there is no genuine issue of material fact or if the law is such that resolution of any factual disputes will not alter the result. *Dahlberg v. Lutheran Soc. Servs.*, 625 N.W.2d 241, 2001 ND 73, ¶ 11.

[¶ 6] In *Yttredahl*, 104 N.W.2d at 707, this Court said:

The rights of a purchaser of the mortgaged premises, or purchaser of a part of the mortgaged premises, who acquired title after the execution of the mortgage but before commencement of the foreclosure action, are not concluded by the judgment or decree in foreclosure proceedings to which he was not made a party. 59 C.J.S. Mortgages § 704, p. 1284; 37 Am.Jur. p. 46; and Tiffany Law of Real Property, 3rd Edition sec. 1534.

---

1. Remmick has not argued the United States was not required to name Jeffrey Whitman as a party to the foreclosure action.

Foreclosure of the mortgage by Federal Farm Mortgage Corporation, without naming as parties in such foreclosure action, the owners and holders of royalty interests, did not eliminate the royalty interests of the defendants who are the appellants herein; and the Sheriff's Deeds that were issued and delivered to Federal Farm Mortgage Corporation pursuant to said foreclosure, did not convey and transfer to Federal Farm Mortgage Corporation, the royalty interests of the defendants who are the appellants herein.

When Federal Farm Mortgage Corporation made conveyance to the Yttredahls by a Limited Warranty Deed, on November 26, 1943, it did not and could not convey to the Yttredahls, the royalty interests of the defendants who are the appellants herein, for the reason that Federal Farm Mortgage Corporation had, at that time, no right, title or interest, in or to said royalty interests.

■■■■ [¶ 7] On a petition for rehearing, we said:

If a mortgagee wishes to subject such a grantee's interest to the mortgage lien he must join the grantee as a party in an action to foreclose the mortgage. If he fails to do so the grantee's interest is not affected in any way. A sale made pursuant to a special execution issued upon a judgment for foreclosure, sells only the interests of the persons who were parties to the action. A grantee of record who was not made a party to the action retains more than an equity of redemption, he retains his title to the granted interest unimpaired, subject to the lien of the mortgage to the extent that such lien has not been satisfied by the foreclosure sale. *Goodenow v. Ewer,* 16 Cal. 461, 76 Am.Dec. 540; *Berlack v. Halle,* 22 Fla. 236, 1 Am.St.Rep. 185; Annotation: 1 Am.St.Rep. [at] 189.

In the instant case, the grantees of perpetual nonparticipating royalties were not made parties to the action to foreclose. Their titles to the royalties were therefore unaffected by the foreclosure and that fact appeared upon the face of the record. The possession of the surface estate by the purchaser of their grantor's interest at foreclosure sale was no more adverse to them than continued possession by their grantor. In fact if the owners of the royalty interests had known of the foreclosure, they might well have concluded that the mortgagee considered that the mortgagor's remaining interest in the property was sufficient to satisfy the mortgage and that therefore he was proceeding against that interest alone.

*Yttredahl,* 104 N.W.2d at 709–710.

■■■ [¶ 8] Whitman's mineral deed was recorded before the United States' foreclosure action, and he was not a named party in that proceeding. Under *Yttredahl,* Whitman's interest in the land is unaffected by the United States' subsequent foreclosure action, regardless of his actual knowledge of the action. Resolution of the actual knowledge issue will not alter the result in this quiet title action, and we therefore conclude the trial court did not err in granting Whitman summary judgment.

[¶ 9] We affirm the summary judgment.

[¶ 10] VANDE WALLE, C.J., NEUMANN, KAPSNER, and ALLAN L. SCHMALENBERGER, District Judge, concur.

[¶ 11] The Honorable ALLAN L. SCHMALENBERGER, D.J., sitting in place of SANDSTROM, J., disqualified.