# T. R. HOCKSPRUNG v. ROSE B. YOUNG et al.

## (146 N. W. 547.)

**Pleading — liberally construed — substantial justice— "power of attorney" — statute — compliance with.**

1. Plaintiff brought an action to foreclose a real estate mortgage. The complaint was in the usual form. In attempting to allege in the complaint that the mortgagee had executed and delivered to the attorney foreclosing the mortgage a power of attorney, authorizing him to foreclose, in accordance with the provisions of § 7455, Rev. Codes 1905, which reads: "It shall be unlawful for any agent or attorney of any mortgagee, assignee, person or persons, firm, corporation, executor, administrator, trustee, or guardian, owning or controlling any real estate mortgage to foreclose the same until he shall receive a power of attorney from such mortgagee, assignee, person·or persons, firm, corporation, executor, administrator, trustee, or guardian, authorizing such foreclosure, and in foreclosure proceedings by action the possession of such power of attorney shall be alleged in the complaint," it was alleged: "That prior to the commencement of this action plaintiff executed and delivered to R. H. Grace, an attorney at law, of the city of Mohall, North Dakota, duly authorizing and empowering him to take all proceedings necessary for the foreclosure of plaintiff's said mortgage and the collection of plaintiff's said debt and to commence and maintain this action." *Held:* (a) That, under the provisions of § 6869, Rev. Codes 1905, the pleading should be construed liberally, with a view to substantial justice between the parties; (b) that this case in a marked degree calls for the application of such rule, particularly as the attention of neither the court nor the plaintiff was called to the omission of the words, "power of attorney," which could readily have been supplied by amendment on the trial; (c) that such allegation, notwithstanding the omission of the words, "power of attorney," is a sufficient compliance with the statute referred to, as it contains enough to fully apprise the defendant that the attorney possessed such power of attorney.

**Power of attorney — statute — object of — authority from the holder of mortgage — mortgagee — present in court — supports the foreclosure — proof that attorney was authorized — requirements of statute — complied with.**

2. The object of requiring the delivery of a power of attorney by the mortgagee to counsel, authorizing him to foreclose, is to prevent the foreclosure of mortgages by attorneys or negotiators who do not possess authority from the holder, and on a general denial, where the possession of such power of attorney is alleged in the complaint, the fact that the mortgagee is present in court and testifies fully in support of the foreclosure action is conclusive

proof that the attorney was authorized to maintain and conduct the proceedings, and thereby all the essential requirements of the statute and the reasons there for were met.

**Second cause of action — damages — instalment — payment out of crop — liquidated damages.**

3. In such action, a second cause of action was attempted to be set forth in the complaint, praying for damages in the sum of $500 by reason of the failure of the mortgagee to pay the first instalment due on the mortgage out of a certain crop. This claim was founded upon a contract between the parties, made at the time the mortgage was executed, whereby the mortgagee had agreed to pay as liquidated damages said sum, in case he failed to pay the notes secured by the mortgage out of the crop raised from year to year on the mortgaged land. *Held,* that plaintiff cannot recover on such contract, for reasons set forth in the opinion.

Opinion filed March 13, 1914.

This is an appeal from the judgment of the District Court of Renville County, *Honorable K. E. Leighton* J.

Affirmed in part and reversed in part.

*Grace & Bryans,* for appellant.

As to the first cause of action, there being no objection to the sufficiency of the complaint on any grounds, the complaint states facts constituting a cause of action, and should be liberally construed in favor of the plaintiff, even though objection to the introduction of evidence had been made. Johnson v. Burnside, 3 S. D. 230, 52 N. W. 1057; Schweinber v. Great Western Elevator Co. 9 N. D. 113, 81 N. W. 35; Chilson v. Bank of Fairmount, 9 N. D. 96, 81 N. W. 33; James River Nat. Bank v. Purchase, 9 N. D. 280, 83 N. W. 7; Weber v. Lewis, 19 N. D. 473, 34 L.R.A.(N.S.) 364, 126 N. W. 105; 31 Cyc. 729; 2 Cyc. 689, 691.

As to the second cause of action for damages, this is admitted. 13 Cyc. 90 B, 98 H, 182 D, 192 B.

*Swenson & Rodsater, Greenleaf, Bradford, & Nash,* for respondent.

In mortgage-foreclosure proceedings a power of attorney from the holder of the mortgage is necessary, and the fact that one was given must be set forth in the complaint. Rev. Codes 1905, § 7455; 1 Estes, Code Pl. p. 190; Green v. Palmer, 15 Cal. 411, 76 Am. Dec. 492.

From a failure to aver material facts in a verified complaint, it

must be construed as implying that they do not exist. Callahan v. Loughran, 102 Cal. 476, 36 Pac. 835.

It is a general rule that the doctrine of liquidated damages does not apply to contracts for the payment of money alone; in such cases courts construe the damages as a *penalty*. 13 Cyc. 101; Gower v. Carter, 3 Iowa, 244, 66 Am. Dec. 71; Graham v. Bickham, 4 Dall. 149, 1 L. ed. 778, 1 Am. Dec. 331.

SPALDING, Ch. J. The complaint in this action contains two counts. The first is in the usual form for the foreclosure of a real estate mortgage. No demurrer was interposed or motion made calling attention to any defect therein, and the allegations of the answer need not be considered further than that, as applicable to the point presented on this appeal, they are a general denial.

On the offer of evidence on the part of the plaintiff, no objection was made to the introduction of evidence in support of the first count, but after the trial the court made a finding, among others, that no evidence "was offered or introduced showing or tending to show that the plaintiff had executed or delivered to R. H. Grace or W. E. Bryans, or either of them, or to any person, a power of attorney to foreclose said mortgage, or the possession of such power of attorney by either or any of said persons," and, as a conclusion of law, held that by reason of the fact so found the complaint did not state facts sufficient to constitute a cause of action as to the first cause, and that the action should be dismissed for the defective pleading and proof aforesaid.

This raises the question as to the effect under the circumstances of this case of the provisions of § 7455, Rev. Codes 1905, which is: "It shall be unlawful for any agent or attorney of any mortgagee, assignee, person or persons, firm, corporation, executor, administrator, trustee, or guardian, owning or controlling any real estate mortgage to foreclose the same until he shall receive a power of attorney from such mortgagee, assignee, person or persons, firm, corporation, executor, administrator, trustee or guardian, authorizing such foreclosure, and in foreclosure proceedings by action the possession of such power of attorney shall be alleged in the complaint." The plaintiff attempted to comply with the requirement of this section, and ¶ 6 of his complaint reads as follows: "That, prior to the commencement of this action, plaintiff

executed and delivered to R. H. Grace, an attorney at law, of the city of Mohall, North Dakota, duly authorizing and empowering him to take all proceedings necessary for the foreclosure of plaintiff's said mortgage and the collection of plaintiff's said debt, and to commence and maintain this action." The sole imperfection claimed in this paragraph of the complaint is that it omits the words, "power of attorney," between "N. D." and the word "duly." This omission was undoubtedly a mistake in transcribing. Is it fatal to the pleading? Under § 6869, Rev. Codes, 1905, we are required to construe the pleading liberally with a view to substantial justice between the parties, and if there can ever be an instance which calls for the application of the rule of liberality in the construction of a pleading, it would seem to be presented here. Had any method been pursued by the defendant which would have called the attention of the plaintiff to the omission, it could have been supplied on the trial, and unquestionably would have been so supplied; but the error seems to have been either overlooked or carefully concealed until the court made its findings. No step was taken or act done in any manner calling the attention of the plaintiff to this mistake. Applying the statutory rule, we are satisfied that, without the words, "power of attorney," the pleading was sufficiently complete to comply with the requirements of § 7455, and that no person, of any ordinary degree of intelligence, knowing of the requirement of the statute as to pleading the power of attorney, could read ¶ 6 of the complaint and fail to understand what the pleader had attempted to state therein.

It states that the plaintiff had executed and delivered to Grace, an attorney at law, something which is not named, but which is described as duly authorizing and empowering him to take all necessary proceedings for the foreclosure of the mortgage in question and the collection of the debt secured, and to commence and maintain this action; and this, while not a perfect statement of the facts attempted to be stated, is sufficient to apprise the defendant of the fact of the possession of the power of attorney; and in the absence of a demurrer, any motion or objection apprising the plaintiff of the omission must be held sufficient. To hold otherwise would be in fact defeating justice on the flimsiest kind of a technicality.

The respondent next calls attention to the fact that it was necessary

under the pleadings to offer proof of the possession of such power of attorney. We shall not stop to consider the merits of this contention under the pleadings, but shall examine it briefly with reference to the object of the provision. It is well known to the legal profession that § 7455, above, was enacted to remedy certain abuses in the foreclosure of real estate mortgages in this state quite prevalent prior to its enactment. Numerous persons and corporations were engaged in the negotiation of real estate loans and selling them to capitalists. Frequently the mortgages and notes taken on such loans were guaranteed by the person or corporation negotiating them, when sold. On default in the payment of interest instalments, the negotiator paid them to the assignee and was thereby enabled to maintain his business connections and relations with his moneyed clients. The negotiator retained the coupon usually given for the interest instalments, and so paid by him, and then foreclosed the mortgage, and obtained title to the land on which the security was given without securing possession of the mortgage, and kept the holder of the mortgage in ignorance of the fact that the mortgagee had not paid interest and that the negotiator had acquired title to the premises. This resulted in many cases to the great detriment both of the mortgagor and the assignee of the mortgage. We need not refer to the results at length. It is sufficient to say that the legislature, with a knowledge of these methods and of the resulting injustice, enacted § 7455, supra, and also § 7456, with a view to remedying such evils and making certain in all cases that the attorney or negotiator was actually authorized by the holder of the mortgage to make foreclosure.

Having thus indicated the necessity and reason for the enactment, we may inquire whether proof of the possession of the power of attorney has been supplied in the case at bar, or the purpose of the statute fulfilled in another manner. It must be clear that, where the holder of the mortgage, who is the plaintiff, appears in person at the trial and testifies in support of the foreclosure proceeding, the trial court has before it the most convincing and conclusive evidence that a foreclosure by the attorneys conducting the proceedings in court has been authorized by the holder of the mortgage, and thereby all the essential elements intended to be met by literal compliance with the provisions of the statute have been met, that the reason for the requirement is ful-

filled, that in fact, even though the holder of the mortgage gives no direct evidence of the subject of the execution and delivery of the power of attorney, the fact of his testifying in support of the action is as full and adequate proof of his authorizing the attorneys to foreclose as would be his direct testimony that he gave them a power of attorney so authorizing them. In the case at bar the plaintiff was present in person during the trial, and testified that he sold the defendant's land on which the mortgage was given for the purchase price, and as to the execution of the mortgage, nonpayment of the first instalment and of taxes, and as to other matters in issue. The defendant admitted the execution and delivery of the notes and mortgage involved and the non-payment. It will thus be seen that the reason for the rule contended for has been entirely met. The defendant by appearing and partici-pating in the trial, without calling attention to the absence of direct. proof on this subject, has waived it, and the plaintiff has ratified the act of his attorneys, even though there has been no formal power of attorney executed and delivered. Inasmuch as the judgment for the defendants in this case, denying a foreclosure of the mortgage and dismissing the action, rests solely upon the points we have considered, it must be reversed and the court directed to enter a decree of foreclos-ure.

The second cause of action attempted to be set forth in the com-plaint is upon a contract entered into between the plaintiff and defend-ants at the same time that the mortgage referred to in the first cause of action was executed and delivered, and a part of the same trans-action. In such contract it was agreed that the mortgagees should pay the notes secured by the mortgage out of the crop raised from year to year on the mortgaged land, and that in case they failed to do so, "there having been no crop failure," they would pay the mortgagee as liqui-dated damages the sum of $500. In such contract the mortgagee agreed on his part in the case of crop failure to extend the notes for one year for each crop failure, and if he failed to do so, to pay the mortgagors the sum of $500 liquidated damages for each and every breach of his agreement. It was sought on the part of the plaintiff to recover the sum of $500, because the defendants had failed to pay the first note of $800 out of the proceeds of the crop for the first year, and it was claimed that there had been no crop failure. We do not consider the

evidence on this question, of which there is considerable, as it is clear to us that the provision in this contract, if treated as providing for damages for the failure to pay money, is for damages in excess of the interest, and is therefore in conflict with § 6564, which makes the detriment caused by the breach of obligation to pay money only the amount due by the terms of the obligation, with interest thereon, and if not so treated it is in violation of §§ 5369 and 5370, Rev. Codes 1905, providing that contracts, by which the amount of damages to be paid for the breach of an obligation is determined in anticipation thereof, are to that extent void, except when from the nature of the case it would be impracticable or extremely difficult to fix the actual damage. When analyzed, it will be seen that this contract provided a penalty for the nonpayment in a certain manner of the debt covered by the notes and mortgage. The manner of payment was of no importance if the debt was paid. It was wholly immaterial to the mortgagee whether the debt was paid with money derived from the sale of the crop raised on the premises or with other money. If the contract should be construed as in the nature of security, analogous to that of a chattel mortgage upon the crop, it then only secured the payment of the debt, and the plaintiff could not recover both on the contract and on the notes, as, by so doing, he would be recovering twice for the same debt. He has elected to foreclose the mortgage, and, in any event, having done this, he cannot recover upon the contract, if the premises sell for enough to pay his debt.