# W. S. DAVIDSON, Respondent, v. C. A. HOUGE, Appellant.

### (176 N. W. 121.)

**Mortgages — statutory provisions as to foreclosure.**

    1. Sections 8075 and 8076, Comp. Laws 1913, provide: "It shall be unlawful for any agent or attorney of any mortgagee, assignee, person or persons, etc., owning or controlling any real estate mortgage to foreclose the same until he shall receive a power of attorney from such mortgagee, assignee, person or persons, etc."

    It is further provided that a power of attorney shall, before the day of sale, be filed for record in the office of the register of deeds of the county wherein the real estate is located.

**Mortgages — foreclosure by mortgagee where mortgagee's name is signed thereto by agent or attorney.**

    2. Where the notice of foreclosure sale is signed by the mortgagee, or his name is signed thereto by his agent or attorney, without such agent or attorney's name appearing on such notice, and such notice is published and foreclosure proceedings completed, and the property is bid in in the mortgagee's name and by his direction, and he accepts, receives, and retains the benefits thereof, such foreclosure proceedings may be considered under these circumstances as the act of the mortgagee, and a foreclosure by him is a valid foreclosure.

**Mortgages — exclusion of exhibits tending to show knowledge of the mortgagee was error.**

    3. Certain exhibits were excluded from evidence which tended to prove that foreclosure was made with the knowledge, consent, and acquiescence of the mortgagee, and that he received and retained benefits under such foreclosure, while contending the foreclosure was void by reason of failure to comply

    44 N. D.—29.

with the above laws:  *Held,* that the exclusion of such exhibits was reversible error.

Opinion filed January 6, 1920.

This is an appeal from a judgment of the District Court of Williams County, *Frank E. Fisk,* J.

Judgment reversed.

*John J. Murphy,* for respondent.

*Craven & Converse,* for appellant.

GRACE, J.   The facts in the case are as follows:  J. J. U. Dvorak and Barbara Dvorak executed and delivered to the defendant their certain promissory note in the sum of $700, which was dated June 8, 1914, and bore interest at the rate of 7 per cent per annum.   It was secured by real estate mortgage upon the southeast quarter of section 32, township 155, range 99.   The defendant, before the maturity of the note, indorsed and delivered it to plaintiff.   The defendant assigned to the plaintiff the real estate mortgage above mentioned, which secured the note.   Plaintiff thus became the owner and holder of the note and mortgage.   Protest of the note was waived by indorsement to that effect over the indorsement of the defendant.   Dvorak did not pay the note at its maturity.

The plaintiff brought this action against the defendant as indorsee to recover upon the note.   The defendant denies any liability on the note and maintains that it is paid.   His claim, in effect, is that the mortgage was foreclosed by plaintiff or by his authority, and the premises described in the mortgage bid in at the foreclosure sale at his request for him by the sheriff for the full amount of the note, or mortgage indebtedness.   Whether the note was so paid or whether there was a valid foreclosure of the mortgage are the principal questions to be decided in this case.

It appears from the testimony of the defendant, that in May, 1915, the plaintiff and defendant had a conversation in reference to the foreclosure of the mortgage in question.   With reference to such conversation, the defendant in substance testified as follows:  "He had seen me about this paper after it was due and I had explained to him that the

maker of the note at Wyndmere, North Dakota, had sold the land to a man in Iowa, and that he wanted the title clear, and therefore was going to pay immediately, but Davidson did not want to wait for this, so we made the arrangement that we should foreclose, and, to save the man the expense or the attorney fee which in this case would be $50, the arrangement was, and the mutual agreement was, that I should copy from Mr. Braatelien's foreclosure just previous to that because it was so short, so when Davidson got title it would be so much less expense in the cost of the land, so I immediately went back to the office and copied the foreclosure from Braatelien.''

The defendant further in his testimony shows that there was a mutual agreement between the plaintiff and him that defendant should foreclose the mortgages; that the plaintiff told him to copy the notice of publication Mr. Braatelien had used in another foreclosure, and to be sure that it was right; that the defendant and his stenographer verified the facts in the copy, and again verified them after the first publication.

The defendant further testifies that it was agreed that the sheriff, on the date of sale, should bid in the property for Davidson; that Davidson had said he wanted it bid in in his name. The defendant further testifies that Davidson and he figured up the full amount due upon the note, and that the amount inserted in the foreclosure notice was in accordance with those figures. The defendant made out the notice of foreclosure in accordance with the conversation, his stenographer writing out the notice of foreclosure under his directions, and to it in typewriting at the bottom of the notice of foreclosure, she signed name of W. S. Davidson.

After the notice was published in the Williston Herald for the required length of time, the defendant delivered a copy of the notice of foreclosure sale to the sheriff and told him to make the sale and bid the property in in Mr. Davidson's Name.

The plaintiff has assigned seven errors, all of which we have carefully considered, and three of which we regard as principal and material ones. The first assignment of error is that the court erred in sustaining plaintiff's objection to the offer of the defendant, to introduce in evidence exhibit "C," being the publisher's affidavit of the

notice of mortgage sale, and exhibit "D," being the sheriff's certificate of mortgage sale.

The second material error assigned is that the court erred in granting the motion of the plaintiff to strike out all the testimony of the witness Houge as to the foreclosure proceedings.

The third assignment is that the court erred in sustaining the plaintiff's objection to the following question asked witness Rutledge, the deputy sheriff: Question: "After you had completed that instrument (meaning the sheriff's certificate) by placing your acknowledgment upon it, what did you do with it?"

We will discuss the first assignment of error. In considering it, the question before the court is, Was it error to exclude as evidence the notice of publication and the sheriff's certificate of the foreclosure sale of land in question? This can only be answered by determining three propositions:

(1) Whether or not the foreclosure sale was in reality conducted by the mortgagee, the defendant merely acting in a clerical position, and, while so acting, carrying out the instructions of the mortgagee.

(2) Whether or not the defendant was acting as an agent of the mortgagee, though without a power of attorney; and, if so acting, did the mortgagee have knowledge of his acts, and adopt and ratify them by acquiescing in the foreclosure proceedings with full knowledge thereof, accepting and retaining the benefits thereof by receiving the sheriff's certificate, and acquiring title in fee to the land foreclosed by the expiration of the time for redemption, no redemption having been made.

(3) Or did the defendant, without possessing a power of attorney and filing the same before the day of sale, act as the agent of the mortgagee in said foreclosure, publishing a notice of sale therein, and doing all other acts which were done by him in the foreclosure of said mortgage, all without the knowledge, consent, or acquiescence of the mortgagee, and without him accepting any benefits from such foreclosure sale, or the acts of such agent.

If the agent proceeded as stated in the third proposition above, the foreclosure proceedings would be void, and he would come within the provisions of §§ 8075 and 8076, Comp. Laws 1913, which specifies

that it is unlawful for an agent or an attorney of a mortgagee, etc., to foreclose a mortgage until he shall have received a power of attorney from such mortgagee; that no sale of real estate upon the foreclosure made by the agent or attorney shall be valid for any purpose, unless such power of attorney shall be procured and filed in the office of register of deeds in the county where the real estate is located, before the day of sale.

The defendant in this case had received from the mortgagee no written power of attorney. This does not necessarily prove that the foreclosure is invalid, as we shall see when we consider the first and second propositions above stated. They may be considered together as the same reasoning will apply to either proposition.

The notice appears to be one by the mortgagee. His name was affixed to it. No other name appears upon it as mortgagee or agent. The notice was authorized by the mortgagee according to the testimony of the defendant; that is, he agreed that the mortgage should be foreclosed. He knew the kind of a notice that was to be prepared; he assisted in finding the amount which would be due upon the note on the day of sale, and that amount was to be inserted in the notice of foreclosure, and, through these and other acts of the mortgagee, it may be assumed that he authorized the defendant to sign the mortgagee's name to the notice of foreclosure, and in fact to do any other act necessary to prepare and publish a sufficient notice of foreclosure. If the mortgagee, in fact, knew of the foreclosure sale and notice of sale, he is in no position to maintain that the mortgage foreclosure and sale is invalid upon the ground that the defendant did not possess, or receive from the mortgagee, a power of attorney to act as such agent. If he agreed that the foreclosure sale might be made, and if it were made in accordance with the agreement and understanding had with him; and if the land was sold upon the foreclosure sale pursuant to such notice, and a sheriff's certificate was duly issued by the sheriff and delivered to the mortgagee, he retaining it until the time for redemption had expired, thus receiving title to the land thereunder, thus ratifying the acts of defendant and affirming the mortgage foreclosure sale, and not in any manner repudiated the sale, but on the contrary accepting and retaining the benefits derived thereunder,—he cannot question the

validity of such foreclosure sale, on the ground that the defendant possessed no written power of attorney to conduct such foreclosure proceedings.

It would appear that exhibits "C" and "D" were competent and material evidence, which uncontradicted would tend to prove that the mortgagee had full notice and knowledge of the entire mortgage foreclosure. The notice of mortgage foreclosure sale and the sheriff's certificate were fair on their face, and purported to show a foreclosure regular in form. The sheriff's certificate of foreclosure sale, the contents of which were wholly undisputed, was at least prima facie evidence of the facts in it recited. On its face it showed that, pursuant to the notice of sale in question, the land described in the mortgage was sold by the sheriff on the day fixed for the sale by the notice; that the land was sold to the mortgagee for the amount specified in the notice plus the cost of the foreclosure proceedings. Hence, we are of the opinion that it was reversible error to exclude as evidence those exhibits; if they were not material, if they were false, if they were no authority for the publication of the notice or of the execution of the sheriff's certificate, the plaintiff would have opportunity to prove that by the introduction of competent evidence, if he were in a position to furnish such proof. If the plaintiff received from the sheriff the sheriff's certificate in question, he received knowledge of the foreclosure proceedings. If he retained the sheriff's certificate after having acquired such knowledge, and accepted benefits of the foreclosure sale; that is, retained the sheriff's certificate until the time of the expiration of redemption, thus becoming the owner of the title to the land, and had at no time repudiated the proceedings or the foreclosure sale of the land pursuant thereto, his acts in this regard were equivalent to a ratification of the acts of the defendant in and about making such foreclosure, and, as no other person appears to complain, it would appear that the plaintiff is not in a position to do so. It would seem unnecessary to discuss the law as laid down in §§ 8075 and 8076, Comp. Laws 1913. A full discussion of those sections as they appear in the 1905 Code is contained in a decision by this court in the case of Hocksprung v. Young, reported in 27 N. D. 322, 146 N. W. 547. In the opinion in that case, the court fully set forth the reasons and necessity of such

statutes; that case was one in which the mortgage was being foreclosed by action. In such case the statutes require that the possession of such a power of attorney shall be alleged in the complaint. In that case there was an attempt but not a full compliance with this requirement, and the foreclosure was sought to be invalidated by reason of the defect above mentioned. The plaintiff, the mortgagee, appeared and testified in that action. This court in deciding the case used the following language: "It must be clear that where the holder of the mortgage, who is the plaintiff, appears in person at the trial and testifies in support of the foreclosure proceeding, the trial court has before it the most convincing and conclusive evidence that a foreclosure by the attorneys conducting the proceeding in court has been authorized by the holder of the mortgage, and thereby all the essential elements intended to be met by literal compliance with the provisions of the statute have been met; that the reason for the requirement is fulfilled; that in fact even though the holder of the mortgage gives no direct evidence of the subject of the execution and delivery of the power of attorney, the fact of his testifying in support of the action is as full and adequate proof of his authorizing the attorneys to foreclose as would be his direct testimony that he gave them a power of attorney so authorizing them. . . . The plaintiff was present in person during the trial and testified that he sold the defendant's land on which the mortgage was given for the purchase price, and as to the execution of the mortgage, nonpayment of the first instalment and of taxes, and as to other matters in issue."

The defendant admitted the execution and delivery of the notes and mortgage involved and the nonpayment. It will thus be seen that the reason for the rule contended for has been entirely met. The defendant, by appearing and participating in the trial without calling attention to the absence of direct proof on the subject, has waived it, and the plaintiff has ratified the act of his attorneys, even though there has been no formal power of attorney executed and delivered. Inasmuch as the judgment for the defendants in this case denying a foreclosure of the mortgage and dismissing the action rests solely upon the points we have considered, it must be reversed and the court directed to enter a decree of foreclosure.

It will be noticed that the case from which we have quoted in effect holds that where the mortgagee participated in the foreclosure in the manner above set forth, that it amounts to a compliance with the statutes under consideration. In other words, the requirements of the statutes were met. One of the main reasons for requiring an attorney who is foreclosing a mortgage to have a power of attorney from the mortgagee authorizing such attorney to make such foreclosure is to prevent attorneys from making foreclosure without the knowledge of the mortgagees.

If in this case the mortgagee had knowledge that the mortgage in question was being foreclosed, it appearing from the testimony that it was agreed between the plaintiff and defendant that such foreclosure should be made in the manner in which it was made, it would seem that the purposes of the power of attorney had been fully met.

The third assignment of error relates to the exclusion of evidence of the deputy sheriff as to what was done with the sheriff's certificate after it had been completed and acknowledged. We are of the opinion it was proper for the defendant to show by the deputy sheriff what was done with the sheriff's certificate after its completion; if he could show by him that the sheriff's certificate at or after its completion was delivered to the plaintiff, it would be material testimony to show that plaintiff had knowledge of the foreclosure proceedings, and if plaintiff retained the sheriff's certificate after its delivery to him, and took no steps whatever to manifest his disapproval of the foreclosure proceedings, and acquired title to the land by reason of the time of expiration of redemption, such acts would greatly tend to establish knowledge and ratification of the foreclosure proceedings by the mortgagee. We are of the opinion that it was reversible error to exclude such testimony, and further that it was a material and reversible error to strike out all of the testimony of witness Houge as to the foreclosure proceedings.

If the foreclosure proceedings were valid, and the plaintiff authorized the sheriff to bid in the premises at the foreclosure sale for the full amount of the mortgage indebtedness, and the sheriff did so and duly executed and delivered to plaintiff a sheriff's certificate, we are of the opinion this would operate to pay the indebtedness. If this be true, the plaintiff would have no cause of action on the promissory note

in question, for the indebtedness represented by such note was paid by such foreclosure and sale of the premises in the manner we have above stated. The plaintiff cannot require double payment of the indebtedness. If the foreclosure sale were valid, the debt is paid; if it were not, the debt is not paid. This can be determined only by the admission in evidence of the exhibits sought to be introduced by defendant, and any other material testimony which will show or tend to show the full proceedings had with reference to the foreclosure of the mortgage. The judgment appealed from is reversed, and the case is remanded to the lower court for a new trial.

Defendant is entitled to his statutory costs on appeal.

ROBINSON, J., concurs.

CHRISTIANSON, Ch. J. (concurring specially). The defendant, Houge, was the owner of a certain promissory note, secured by a real estate mortgage upon certain land situated in Williams county in this state. He sold and transferred the note and mortgage to the plaintiff. The makers of the note failed to pay it, and the plaintiff thereupon brought action against the defendant Houge as an indorser. The defendant, by way of defense, asserted that the note had been paid. In that connection it is averred that the mortgage securing the note was foreclosed and the property bid in by the plaintiff at the foreclosure sale for the full amount due upon the note, together with the costs and disbursements of the sale. If the foreclosure sale was valid the note has been paid. The plaintiff, however, contends that the foreclosure sale was a nullity for the reason that the defendant, who acted as plaintiff's agent in conducting the foreclosure, had no power of attorney authorizing him to do so, as required by §§ 8075 and 8076, Comp. Laws 1913.

The sole question presented on this appeal is whether the note sued upon was paid by plaintiff's purchase of the land upon the foreclosure proceeding. The evidence offered and introduced by the defendant tended to show that he prepared the notice of foreclosure sale at the request of the plaintiff; that the plaintiff's name was signed thereto as assignee of the mortgagee; that the defendant took the notice of sale

to a newspaper designated by the plaintiff for publication; that such notice was duly published in the manner provided by law, and that at the time and place advertised the real property was bid in in the name of the plaintiff for the full amount due upon the note involved in this suit, together with the costs and disbursements of the sale.

If the sale was valid, then concededly the note is paid. It seems to me that the evidence offered by the defendant tends to show that the foreclosure was in fact made and conducted by the plaintiff himself, and that defendant merely performed certain clerical work under plaintiff's directions. I do not believe that §§ 8075 and 8076, Comp. Laws 1913, have any application to or forbid a transaction of that kind. Manifestly if the plaintiff, instead of directing the defendant to do this work, had requested a stenographer in his office to do the same things which the defendant did, no power of attorney would have been necessary. I do not, however, agree with what is said, or rather implied, in the majority opinion to the effect that a foreclosure made in violation of §§ 8075 and 8076, Comp. Laws 1913, may be validated by the ratification thereof by the owner of the mortgage. These provisions were not enacted for the benefit of the owner of the mortgage alone. The owner of the land, and the owners of subsequent encumbrances, are also interested. Section 8075 says: "It shall be unlawful for any agent or attorney of any mortgage, assignee, person, or persons . . . owning or controlling any real estate mortgage to foreclose the same until he shall receive a power of attorney . . . authorizing such foreclosure." And § 8076 declares that "no sale of real estate upon the foreclosure made by an agent or attorney shall be valid for any purpose, unless such power of attorney shall be procured, as herein provided and filed for record in the office of the register of deeds of the county wherein said real estate is located, before the day fixed or appointed to make the same." Comp. Laws 1913, § 8076.

Where a foreclosure has been made by an agent or attorney in violation of these provisions, I do not believe that it can be validated by the actions of the owner of the mortgage. But the foreclosure involved in this action did not purport to be made by an agent or attorney. It purported to be made by the plaintiff personally as assignee of the mortgagee and owner of the mortgage. Plaintiff's name was so sub-

scribed to the notice of sale. The defendant's name did not appear on the notice as agent or attorney, nor did the name of anyone else so appear.

BIRDZELL, ROBINSON, and BRONSON, JJ., concur.