PATTERSON LAND COMPANY, a Foreign Corporation, Appellant, v. MERCHANTS' BANK OF NAPOLEON, a Corporation, Respondent.

(212 N. W. 512.)

**Retroactive laws — chapter 131, Laws of 1919, amended by chapter 66, Laws of 1921, not retroactive.**

Following E. J. Lander & Co. v. Deemy, 46 N. D. 274; Brewer v. Forsberg, 53 N. D. 262, it is *held*, that under § 7320, Comp. Laws 1913, no part of the Code of Civil Procedure is retroactive unless so declared in the law, and that chapter 131, Session Laws of 1919, as amended by chapter 66, Laws of 1921, is prospective only, and was not intended to apply to mortgages executed before the passage of the law.

Opinion filed February 14, 1927.

Mortgages, 41 C. J. § 1005 p. 831 n. 12; 27 Cyc. p. 1541 n. 30. Statutes, 36 Cyc. p. 1210 n. 51.

Appeal from the District Court of Logan County, *McKenna,* J. Affirmed.

*A. T. Faber,* for appellant.

The implied stipulation in the mortgage for this method of foreclosure was that remedy should be exercised "agreeably to the statute in such case made and provided." The statute therein referred to means the law which might be in force when the mortgagee resorted to the remedy. James v. Stull, 9 Barb. 482; Webb v. Lewis, 47 N. W. 803.

A statute providing that all mortgages shall be foreclosed by action is remedial and does not impair the obligation of a contract. 18 C. J. 1071; Schwertner v. Provident Mut. Bldg. & L. Asso. 17 Ariz. 92, 148 Pac. 910; Cole v. Ostrand, 110 N. W. 884.

*I. F. Wagner,* for respondent.

"A statute is valid even as to mortgages previously executed which reduces the time required by law for advertisement prior to sale, as it merely makes the mortgagee's remedy more speedy and easily exercised; but a statute which delays or postpones the remedy of the mortgagee by foreclosure, is void as to mortgages executed prior to its passage." 12 C. J. 1071.

"If the law tends to postpone or retard the enforcement of the contract, the obligation is to that extent weakened . . . any authorization of the postponement of payment or of means by which postponement may be effected is in conflict with the Constitution." State v. New Orleans, 102 U. S. 203.

"It (a contract) is by the Constitution not to be impaired at all. This is not a question of degree or manner or cause, but an encroaching in any manner on its obligation with dispensing with part of its force." Siebert v. Lewis, 122 U. S. 284.

BURKE, J. This is the regular statutory action, to determine adverse claims to real estate. The defendant claims title through the foreclosure of a mortgage executed on the 17th day of November, 1917, on the N. E. ¼ of sec. 28, twp. 136, R. 72; which mortgage was foreclosed on the 30th day of July, 1923, and sheriff's deed was issued on the 31st day of July, 1924.

It is the contention of the plaintiff that the foreclosure was invalid;

and he seeks to have a mortgage executed and delivered to the plaintiff on the 21st day of April, 1922, established as a lien on said premises.

It is conceded that the defendant's foreclosure proceedings are valid, except, that the notice of intention to foreclose was irregular in the matter of service and in substance, and the trial court found as a fact that it was irregular and insufficient, but further found as a conclusion of law that the law requiring notice of intention to foreclose does not apply to mortgages executed before the passage of the law, and that since plaintiff's mortgage was executed before the passage of the law it did not apply to plaintiff's mortgage, and that the foreclosure is valid. Title was quieted in the defendant, and from a judgment entered thereon, the plaintiff appeals.

It was agreed during the trial that the only question involved in the case is, Does the law requiring notice apply to mortgages executed before its passage? It is the contention of the plaintiff that it relates only to the remedy, and therefore applies to the foreclosure of all mortgages, and the defendant claims that the law impairs the obligation of the contract in extending the period of redemption and the time of payment of the debt.

The law requiring notice of intention to foreclose at the time of the foreclosure of the mortgage in the case at bar is chapter 131, Session Laws 1919, as amended by chapter 66, Laws of 1921, and which reads as follows: "Before any action or proceeding shall be commenced to foreclose a mortgage on real property, a written notice describing the land, the date and amount of the mortgage, the sum due for principal, interest and taxes respectively, and stating that if the same be not paid within thirty days from the date of the notice, proceedings will be commenced to foreclose the mortgage, shall be served more than thirty days prior to the commencement of such action or proceedings by registered mail addressed to the title owner according to the records in the register of deeds office at his or their postoffice address as shown by the records in the register of deeds office and if not shown, then addressed to said owner at the postoffice nearest the land. An affidavit of proof of such service of notice shall be filed with the clerk of the court at the time of filing complaint in any action for foreclosure and shall be filed and recorded with the notice and certificate of sale in all other cases. Provided, however, that if said owner shall, before the

expiration of thirty days from the service of such notice, perform the conditions or comply with the provisions upon which the default shall have occurred, such mortgage shall be reinstated and shall remain in full force and effect the same as if no default had occurred therein."

This court has construed chapter 131, Session Laws 1919 as amended by chapter 66, Sess. Laws 1921, in the case of Brewer v. Forsberg, 53 N. D. 262, 205 N. W. 686, and held that it is not retroactive. The court said: "The right to accelerate was a valuable right. It was secured to the plaintiff by the contract of the parties. If, as defendant contends, the amendment as contained in chapter 66, Sess. Laws 1921, does negative or restrict the ordinary legal effect of clauses of acceleration, such statute must be considered as prospective only. In other words, it must be presumed that the legislature did not intend it to apply to contracts in existence at the time of its going into effect. Otherwise the statute would be unconstitutional as impairing the obligations of contracts. See E. J. Lander & Co. v. Deemy, 46 N. D. 273, 176 N. W. 922; First Nat. Bank v. Bovey, Shute & Jackson, 49 N. D. 450, 191 N. W. 765; State Bank v. First Nat. Bank, 49 N. D. 611, 192 N. W. 967."

In the case of E. J. Lander & Co. v. Deemy, 46 N. D. 273, 176 N. W. 922, this court held, that under § 7321, Comp. Laws 1913, "No part of the Code of Civil Procedure is retroactive unless expressly so declared." It follows as a matter of course, that if the legislature intended the law to be retroactive it would have so declared, and not having declared it to be retroactive it is prospective only, and does not apply to defendant's mortgage which was executed before the passage of the law, and the judgment must be, and is, affirmed.

BIRDZELL, Ch. J., and BURR, NUESSLE, and CHRISTIANSON, JJ., concur.