[File No. 5922.]

PAUL LUTZ and Alma Lutz, Respondents, v. JAMES A. COFFEY and Josephine A. Coffey, County of Stutsman, of the State of North Dakota, a Public Corporation, State of North Dakota, Doing Business as the Hail Insurance Department of the State of North Dakota, Piper-Howe Lumber Company, a Foreign Corporation, and R. G. McFarland. JAMES A. COFFEY and Josephine A. Coffey, Appellants.

(237 N. W. 783.)

Opinion filed June 15, 1931.

*Coffey & Strutz,* for appellants.

*A. W. Aylmer* and *Carr & Rittgers,* for respondents.

BIRDZELL, J. This is an action to foreclose a mortgage on Section 17, Township 144, North of Range 62, West of the Fifth Principal Meridian. From a judgment in favor of the plaintiffs the defendants, James A. Coffey and Josephine A. Coffey, appeal and demand a trial de novo. There are no issues of fact involved in the record, so a brief statement will suffice.

On November 1, 1913, the appellants here—whom we will call the defendants—gave to the state their note in the sum of $5,000.00, due. November 1, 1924, secured by a first mortgage on the section of land above described. When the note became due it was not paid. Likewise, the defendants failed to pay interest and taxes for a period of.

several years after the mortgage became due. The plaintiffs held a second mortgage covering the same premises, and in July, 1929, one of them negotiated with the State Land Department for the purchase of the first mortgage. They obtained an assignment, paying therefor $8,628.30, which included principal, accumulated interest and taxes and hail indemnity assessments which had been paid by the state. Plaintiffs also paid additional unpaid taxes of $1,302.65, making a total investment in this mortgage of $9,930.95. They also held a second mortgage, making their total investment on the security of the property approximately $17,000.00. Thereafter this action was brought. The plaintiff Paul Lutz, through his attorney, A. W. Aylmer, negotiated this purchase, and the plaintiff Alma Lutz is his sister. For some time prior to the purchase Alma Lutz was in Boston, Massachusetts, and at the time of the purchase and the institution of this foreclosure action she was sojourning in Europe. Under date of April 5, 1929, Alma Lutz had executed a power of attorney designating Paul Lutz her attorney in fact to take general charge, control and management of her affairs, business and property within the state of North Dakota. Specifically included therein was the power "To execute, acknowledge and deliver a power of attorney wherever necessary or required by law, to any attorney he employs for me and in my name and stead, to foreclose any mortgages, or other securities on either real or personal property, within the state of North Dakota, which I may now own or hereafter acquire." When the mortgage in question was acquired Paul Lutz advanced the money for its purchase and was later reimbursed by Alma Lutz to the extent of half the funds invested therein, and she thus became the owner of a half interest. After recording the assignment which ran to both the plaintiffs, Paul Lutz executed a power of attorney to John W. Carr and Harry Rittgers, copartners as Carr & Rittgers, and A. W. Aylmer, attorneys at law, appointing them as attorneys to foreclose the mortgage. This power of attorney was signed by Paul Lutz and by Alma Lutz by Paul Lutz, her attorney in fact. Thereupon the present suit was instituted. The principal question argued upon this appeal concerns the validity of the foreclosure following the power of attorney thus executed. There are some additional questions argued, but, as we shall later point out, such questions are not involved in this proceeding.

The defendants and appellants rely primarily on §§ 8075 and 8076 of the Compiled Laws of 1913. These sections read:

"Sec. 8075. It shall be unlawful for any agent or attorney of any mortgagee, assignee, person or persons, firm, corporation, executor, administrator, trustee or guardian, owning or controlling any real estate mortgage to foreclose the same until he shall receive a power of attorney from such mortgagee, assignee, person or persons, firm, corporation, executor, administrator, trustee, or guardian, authorizing such foreclosure, and in foreclosure proceedings by action the possession of such power of attorney shall be alleged in the complaint.

"Sec. 8076. No sale of real estate upon the foreclosure made by an agent or attorney shall be valid for any purpose, unless such power of attorney shall be procured as herein provided and filed for record in the office of the register of deeds of the county wherein said real estate is located, before the day fixed or appointed to make the same; provided, that any person, firm or corporation not owning such mortgage, but controlling the same, shall, in addition to furnishing such power of attorney, furnish such agent or attorney making such foreclosure a copy of the instrument authorizing such control, and a failure to do so shall invalidate such foreclosure."

Section 8075 was amended by chapter 144 of the Session Laws of 1927, and § 8076 was amended by chapter 250 of the Laws of 1923, again by chapter 141 of the Laws of 1925, and again by chapter 144 of the Laws of 1927. None of these amendments is material here, except, possibly, the various amendments to § 8076. In all the amendments to the latter section it is declared that no sale of real estate upon the foreclosure made by an agent or attorney *by advertisement* shall be valid for any purpose, et cetera, the italicized words having been incorporated in these amendments. From this it might well be implied that foreclosures by action are not invalidated by the omission, but we shall not decide this question here nor even mention it further.

The argument based upon these statutes, and principally upon § 8075, is to the effect that a power of attorney authorizing an attorney to foreclose a mortgage must be executed by the owner of the mortgage and cannot be executed by an attorney in fact for such owner, and that where a mortgage or assignment runs to two or more individuals, each owning an interest, all of such owners must execute such power of at-

.torney. The mortgage in question contains a power of sale and in support of their argument based upon the above statutes the appellants call attention to various provisions of the statutes and to decisions with reference to powers, and powers coupled with an interest; and they emphasize the duty of the donee of a power, such as a power of sale, to observe good faith in the exercise of the same. They point to the fiduciary character of such a power and show that it may not be delegated, except under special circumstances not present in the instant case. This branch of the argument is firmly tied to the power of sale contained in the mortgage. Counsel for the appellants assert the power of attorney to spring from or rest upon the power of sale in the mortgage. They argue that it derives its potency from the power of sale.

This is a foreclosure by action. There is no attempt to exercise the power of sale. So far as this action is concerned, that power lies entirely dormant. The power of attorney required by statute as a step in the foreclosure proceedings does not rest upon any power of sale provision in the mortgage. This necessarily follows from the fact that a power of attorney is required whether the proceeding be by action or by advertisement and whether or not the mortgage contains a power of sale. The statute itself recognizes this in its requirement that in foreclosure proceedings by action the possession of such a power of attorney shall be alleged in the complaint. Of course, it could not be argued that a power of sale is an essential part of a mortgage. Section 6750 of the Compiled Laws of 1913, which gives the form of real estate mortgage, contains no such requirement; but nevertheless, in order to foreclose any real estate mortgage, through an agent or attorney, whether by action or by advertisement, a power of attorney is required; so the power of attorney cannot rest, as is argued, upon the power of sale. The obvious purpose of the statute is to protect both mortgagors and mortgagees against the consequences of unauthorized foreclosure proceedings, and this it aptly does by requiring written evidence of the authority given to an agent or attorney to conduct the foreclosure proceeding. See Davidson v. Houge, 44 N. D. 449, 176 N. E. 121.

Since we are not concerned with the exercise of a power of sale and since the statute requires a power of attorney regardless of whether or not the mortgage contains a power of sale, we are concerned only with the meaning of the statute requiring the power of attorney as written

evidence of authority to foreclose. We shall place to one side the argument dealing with the circumstances in which the power of sale may be exercised or delegated and address ourselves to the language of the statute in question.

It is made unlawful for any agent or attorney not only of any mortgagee but of any assignee, or person, firm, corporation, executor, administrator, trustee or guardian, whether they own or *control* the mortgage, to foreclose the same until the agent or attorney shall receive a power of attorney from any *such* person, et cetera; i. e., from one who either owns or controls the mortgage. In other words, the statute expressly recognizes that anyone in position to control the mortgage is in position to give a power of attorney which will authorize an agent or attorney to foreclose it. If there were any doubt whatever about the meaning of § 8075 in this respect, it would certainly be clarified by the proviso of § 8076 to the effect that any person, firm or corporation "not owning such mortgage *but controlling the same,* shall, in addition to furnishing such power of attorney, furnish the agent or attorney making the foreclosure a copy of the instrument authorizing such control. . . ." This proviso recognizes in unmistakable language the right of a person controlling a mortgage but not owning it to execute the power of attorney required by § 8075, and it imposes the additional requirement in such case that he shall also furnish to the attorney making the foreclosure a copy of the instrument under which he controls the mortgage. That was done in the instant case. The general power of attorney by Alma Lutz to Paul Lutz was furnished to the attorneys making the foreclosure as the instrument authorizing his control. We think these statutes in question so clearly authorize the proceedings taken in the instant case that there can be no substantial doubt of the validity of the foreclosure on this score. Indeed, it is only when the power of attorney mentioned in the statute is tied in with the dormant power of sale in the mortgage and other statutes and decisions are invoked which have to do with powers, trusts, appointment of trustees, delegability, et cetera, that any doubt whatsoever can be cast upon the proceedings.

We do not intimate that there would be any substantial doubt on this score of the validity of the foreclosure of the instant mortgage had it been conducted by advertisement instead of by action. But we are

clearly of the opinion that the statute, §§ 8075 and 8076, dealing in such plain terms with the requirements for a power of attorney to foreclose and so clearly recognizing that one who is not the owner of the mortgage may execute such power, is not to be given a strained construction on account of any limitations there may be in other statutes dealing with a different kind of a power. In ascertaining the meaning of any statute the first resort is to "the words and language employed; and if the words are free from ambiguity and doubt, and express plainly, clearly and distinctly the sense of the framers of the instrument, there is no occasion to resort to other means of interpretation." 2 Lewis's Sutherland, Stat. Constr. 2d ed. § 366, quoting from McCluskey v. Cromwell, 11 N. Y. 593, 601. The author continues:

"The statute itself furnishes the best means of its own exposition; and if the sense in which the words were intended to be used can be clearly ascertained from its parts and provisions, the intention thus indicated will prevail without resorting to other means of aiding in the construction."

What is said in the statute in question with reference to a power of attorney to foreclose a mortgage is not qualified or rendered uncertain in meaning in any degree by what is said in other statutes with reference to other powers. The power of attorney in question complies with the statute in every respect.

It is intimated, though not strongly argued, that in the instant case there was no notice of intention to foreclose as required by the statute (chapter 131, Session Laws of 1919, as amended by chapter 66, Session Laws of 1921). This mortgage was executed before the statute in question was passed and the statute has been held not to be retroactive as to such mortgages. Patterson Land Co. v. Merchants' Bank, 55 N. D. 90, 212 N. W. 512.

It is argued that, since the hail indemnity is not a lien prior to the mortgage in question (Davis v. McLean County, 52 N. D. 857, 204 N. W. 459), the mortgagee was not authorized to take up the hail indemnity assessments. We need not pass on this question and do not do so. The record shows, as appellants concede, that the judgment does not include the hail indemnity taxes paid and the respondents are not complaining in this respect; so we express no opinion upon the question.

It is next argued that the plaintiffs should be deprived of their equitable remedy to foreclose because they do not come into equity with clean hands. This contention seems to be based upon what the appellants argue to be the fact that the mortgage in question was purchased for the purpose of foreclosure and oppression. In the instant case the defendants offered no evidence whatsoever. The record does not show any circumstances which would warrant the court in saying that the plaintiffs do not come into equity with clean hands.

The judgment appealed from is affirmed.

CHRISTIANSON, Ch. J., and BURKE, NUESSLE, and BURR, JJ., concur.