[File No. 5923.]

PAUL LUTZ and Alma Lutz, Respondents, v. JAMES A. COFFEY, Josephine A. Coffey and R. G. McFarland.
JAMES A. COFFEY and Josephine A. Coffey, Appellants.

(238 N. W. 29.)

Opinion filed August 6, 1931.   On rehearing September 23, 1931.

*Coffey & Slrutz,* for appellants.
*A. W. Aylmer* and *Carr & Rittgers,* for respondents.

Burke, J. This is an action to foreclose a real estate mortgage.

The defendant appeared generally, filing an answer admitting the making of the mortgage, and the note described in the complaint, that the same has not been paid, but denies the existence of power of attorney authorizing the foreclosing of the mortgage and denies that a notice of intention to foreclose was served upon the defendant. From a judgment of foreclosure the defendant appeals.

There are three issues involved in the case, first, that the power of attorney executed by plaintiff, Alma Lutz, by her attorney in fact is void. Second, that the notice of intention to foreclose was not given as required by law. Third, that the judgment is figured at a rate of interest in excess of that allowed by law. The first issue is determined by the companion case, No. 1, of Paul Lutz and Alma Lutz v. James A. Coffey and Josephine A. Coffey and R. G. McFarland, ante, 105, 237 N. W. 783, decided at this term of court, and the third issue is decided in the companion case, No. 2, of Paul Lutz and Alma Lutz

v. James. A. Coffey et al., ante, 113, 238 N. W. 31, decided also at this term of court, leaving only the second issue, viz., that notice of intention to foreclose was not given as required by law.

In the case of Brewer v. Forsberg, 53 N. D. 262, 205 N. W. 688, this court said: "The purpose of the notice of intention to foreclose is to enable the mortgagor or his successor in interest to cure the default, if that be possible, and, if not, to make payment of the amount of the mortgage debt and thus save embarrassment and expense of foreclosure."

It is the contention of the respondent that the notice of intention to foreclose was served upon the defendant by registered letter. We are of the opinion that the evidence sustains this contention. The notice of intention to foreclose was duly prepared by plaintiff's attorney and one copy of it placed in an envelope addressed to James A. Coffey, Jamestown, N. D., and one copy placed in an envelope addressed to Josephine A. Coffey, Jamestown, N. D., and both were duly registered in the post office at Jamestown on the 26th day of June, 1929. Written notice was given by the post office department at Jamestown to both defendants on the 26th day of June, 1929. Written notice was again given on the 2nd of July, and again on the 17th of July, so that between the 26th day of June, 1929, and the 17th day of July, 1929, defendants had been notified in writing three times. Judge Coffey admits that he was in the post office about the 8th, 9th or 10th of July and was informed by the man in charge of the registered mail, that there was registered mail there for him, and he admits the receipt of written notice.

The envelopes which enclosed the notices were the regular envelopes of Aylmer & Aylmer, attorneys for the plaintiff, having in the left hand corner the names of the firm members and just above the names there was printed "After five days return to." The letters were not returned immediately after five days, but remained in the post office from the 26th day of June until the 19th day of July, and were then returned stamped "Unclaimed." In the meantime, the defendants had been notified three times in writing and the defendant, J. A. Coffey, had been notified once personally.

Chapter 143 of the session laws of 1927, provides: that notice may be served by registered mail, addressed to such title owner at his post

office address. The notices were served in this manner. If they were not received by the defendants it was not the fault of the plaintiff, but the fault of the defendants in not applying for and receiving the mail after being notified by the post office department. The plaintiff did everything that the law requires when the notice is served by registered mail, and we must hold, that the service was legally made.

The judgment is affirmed, except, that there must be a deduction in the interest charged after foreclosure in the sum of $50.56. Judgment is ordered in accordance herewith.

CHRISTIANSON, Ch. J., and BIRDZELL, NUESSLE and BURR, JJ., concur.

BURKE, J. (On rehearing). After a careful examination of the record and the argument of counsel on rehearing we find no reason for changing our former opinion and the same is adhered to.

CHRISTIANSON, Ch. J., and BURR, BIRDZELL and NUESSLE, JJ., concur.