2000 ND 80

Kathryn OLVERA, Joyce Erlene Schulte, Phyllis Ann Clary, Donald Paul Brown, David Wendel Chase, Judith Helen Kullberg, Sandra Kaye Rupp, Richard Manley Brown, Mildred Brown, Barbara Huff, Diane M. Hembree, Rick Craig Brown, Kathleen J. Smith, Jessie Rolfsrud, Katherine Eichenberger, and Patricia Elmer, Plaintiffs and Appellants,

v.

Darrell JOHNSON, et al., Defendants and Appellees.

Kathryn Olvera, Joyce Erlene Schulte, Phyllis Ann Clary, Donald Paul Brown, David Wendel Chase, Judith Helen Kullberg, Sandra Kaye Rupp, Richard Manley Brown, Mildred Brown, Barbara Huff, Diane M. Hembree, Rick Craig Brown, Kathleen J. Smith, Jessie Rolfsrud, Katherine Eichenberger, and Patricia Elmer, Plaintiffs and Appellants,

v.

Robert C. Thom and Joan A. Thom, individually and as Trustees of The Thom Trust, et al., Defendants and Appellees.

Kathryn Olvera, Joyce Erlene Schulte, Phyllis Ann Clary, Donald Paul Brown, David Wendel Chase, Judith Helen Kullberg, Sandra Kaye Rupp, Richard Manley Brown, Mildred Brown, Barbara Huff, Diane M. Hembree, Rick Craig Brown, Kathleen J. Smith, Jessie Rolfsrud, Katherine Eichenberger, and Patricia Elmer, Plaintiffs and Appellants,

v.

Scott P. Bradac, et al., Defendants and Appellees.

Nos. 990316–990318.

Supreme Court of North Dakota.

April 25, 2000.

John L. Sherman (argued), Mackoff, Kellogg, Kirby & Kloster, PC, Dickinson, N.D., for plaintiffs and appellants.

Lawrence Bender (argued), Pearce & Durick, Bismarck, N.D.; LaRoy Baird III (appearance), LaRoy Baird, P.C., Bismarck, N.D.; Todd D. Kranda (appearance), Kelsch, Kelsch, Ruff & Kranda, Mandan, N.D.; T.L. Secrest (appearance), Secrest Law Firm, Hettinger, N.D.; and Craig C. Smith (appearance) and John W. Morrison (appearance), Fleck, Mather & Strutz, Bismarck, N.D., for defendants and appellees.

NEUMANN, Justice.

[¶ 1] The plaintiffs, heirs of the stockholders of Brown Brothers Corporation, appeal from summary judgments quieting title to mineral interests in defendants who claim the minerals through a chain of title emanating from foreclosures by advertisement of 1915 mortgages. The common issue in these three appeals is whether Brown Brothers Corporation's severed mineral interests were terminated by the foreclosures by advertisement. We hold the foreclosures by advertisement under 1913 N.D. Comp. Laws ch. 30 terminated Brown Brothers Corporation's mineral interests, and we affirm.

I

[¶ 2] The plaintiffs claim title to the mineral interests in several tracts of land in Bowman County by virtue of a March 17, 1921 instrument[1] conveying the mineral interests from Brown Brothers State Bank and Trust Company to Brown Brothers Corporation. At that time, the tracts of land were subject to mortgages that contained "power of sale" clauses and were executed in 1915. In late 1922 and 1923, the mortgagees and their assignees commenced proceedings to foreclose the 1915 mortgages by advertisement. They caused notices before foreclosure to be served on the surface owner and notices of mortgage foreclosure sales to be published in the Bowman County Pioneer for six consecutive weeks. The Bowman County Register of Deeds mailed printer's affidavits of publication to the surface owner. Brown Brothers Corporation was not served with the notices before foreclosure and was not sent printer's affidavits of publication. The property was sold at sheriff sales to the respective mortgagees or their assignees, who listed their addresses in some of the deeds as Aberdeen, South Dakota, c/o Brown Brothers Corporation. All the defendants except Joseph Dobson, James Dobson, Mary Frances Peterson, The Dublin Company, and Altair Corporation[2] claim mineral interests in

---

1. The trial court decided the March 17, 1921 instrument was a mineral deed. On appeal, the defendants have not challenged the court's interpretation of that instrument.

2. Dobsons, Peterson, The Dublin Company, and Altair Corporation claim interests in the property from the same source as the plain-

the property through a chain of title emanating from the deeds to the mortgagees and their assignees.

[¶ 3] In three separate actions involving the different tracts of land, the plaintiffs sued the defendants to quiet title to the mineral interests. The trial court granted the defendants summary judgments, ruling the foreclosures by advertisement terminated Brown Brothers Corporation's mineral interests. The court said Brown Brothers Corporation's mineral interests were terminated even though it had not received notice of the foreclosures, because the foreclosures were by advertisement and under *Patterson Land Co. v. Merchants' Bank,* 55 N.D. 90, 212 N.W. 512 (1927) and the law in effect when the mortgages were executed in 1915, no service of notice of intention to foreclose was required for a foreclosure by advertisement. *See* 1913 N.D. Comp. Laws ch. 30. The court said the deeds from the foreclosures by advertisement had the same force and effect under 1913 N.D. Comp. Laws § 8087 as a deed from a foreclosure action in which all persons having an interest in the property subsequent to the mortgage were made parties and duly served with process. We consolidated the plaintiffs' appeals.

## II

[¶ 4] We consider the plaintiffs' appeals in the posture of summary judgment, which is a procedure for promptly and expeditiously disposing of an action without a trial if either party is entitled to judgment as a matter of law, if no dispute exists as to either the material facts or the inferences to be drawn from undisputed facts, or if resolving the factual disputes will not alter the result. *DeCoteau v. Nodak Mutual Ins. Co.,* 2000 ND 3, ¶ 7, 603 N.W.2d 906.

### A

[¶ 5] The plaintiffs argue the trial court erred in deciding Brown Brothers Corporation's severed mineral interests were terminated by the foreclosures by advertisement, because other than publication of the notices of sale in the Bowman County Pioneer for six weeks, Brown Brothers Corporation did not receive notice of the foreclosures. The plaintiffs argue *Patterson Land Co.* is not readily adaptable to nonpossessory severed mineral interests, and seek to apply the rationale of *Yttredahl v. Federal Farm Mortgage Corp.,* 104 N.W.2d 705 (N.D.1960), which requires notice to the owner of a severed mineral interest before that interest can be foreclosed.

[¶ 6] In *Patterson Land Co.,* the defendant claimed title to land through a 1923 foreclosure of a 1917 mortgage. The parties conceded the 1923 foreclosure proceedings were valid, except a notice of intention to foreclose was irregular. The trial court found the notice of intention to foreclose was irregular and insufficient, but decided the foreclosure was valid because a 1919 statute requiring service on the title owner of a written notice of intention to foreclose a mortgage and a 1921 amendment[3] did not apply to the 1917

---

tiffs—the March 17, 1921 instrument conveying the minerals from Brown Brothers State Bank and Trust Company to Brown Brothers Corporation.

3. 1919 N.D. Sess. Laws ch. 131, as amended by 1921 N.D. Sess. Laws ch. 66, provided:

§ 1. Before any action or proceeding shall be commenced to foreclose a mortgage on real property, a written notice describing the land, the date and amount of the mortgage, the sum due for principal, interest and taxes respectively, and stating that if the same be not paid within thirty days from the date of the notice, proceedings will be commenced to foreclose the mortgage, shall be served more than thirty days prior to the commencement of such action or proceedings by registered mail addressed to the title owner according to the records in the Register of Deeds office at his or their post office address as shown by the records in the Register of Deeds office and if not shown, then addressed to said owner at the post office nearest the

mortgage. This Court held the notice statutes did not apply to the foreclosure of a mortgage executed before 1919, because the Legislature did not make the 1919 and 1921 statutes retroactive. *Patterson Land Co.*, 55 N.D. at 93, 212 N.W. at 513. *See also Shirley v. State*, 103 N.W.2d 103, 108 (N.D.1960) (holding 1943 foreclosure law not retroactive).

[¶ 7] Here, under *Patterson Land Co.*, the law in effect when these 1915 mortgages were entered governs the foreclosure proceedings. That law was codified at 1913 N.D. Comp. Laws ch. 30, and for mortgages containing a power of sale clause, permitted foreclosure by advertisement. 1913 N.D. Comp. Laws § 8073. Under that law, a foreclosure by advertisement was commenced by publishing a notice of foreclosure once each week for six consecutive weeks in the newspaper of the county where the property was located. 1913 N.D. Comp. Laws § 8079. The published notice of foreclosure was required to state the names of the mortgagor and the mortgagee, the date of the mortgage, the book and page of the recorded mortgage, the date of sale, and the amount due on the mortgage on the date of sale. 1913 N.D. Comp. Laws § 8080. The sale was by public auction, and the purchaser was entitled to a certificate of sale. 1913 N.D. Comp. Laws §§ 8081, 8084. If the mortgaged premises were not redeemed within one year, the purchaser was entitled to a deed, which had "the same force and effect as if it had been executed pursuant to a sale under a foreclosure of the mortgage by an action in which all persons having an interest in or lien upon the property subsequent to the mortgage were made parties and duly served with process." 1913 N.D. Comp. Laws § 8087.

[¶ 8] The plaintiffs have cited no statutory provisions requiring service of notice of intention to foreclose before a proceeding could be commenced to foreclose these 1915 mortgages by advertisement. *See* 1927 N.D. Sess. Laws ch. 143, § 2, codified at N.D.C.C. § 1–05–07 (stating any sale of real estate made upon foreclosure of a mortgage executed before July 1, 1919 is valid for all purposes although no notice of intention to foreclose was given). Other than notice by publication, the 1913 law did not require notice before foreclosure by advertisement for a mortgage containing a power of sale clause.[4]

[¶ 9] The plaintiffs' reliance on *Yttredahl*, 104 N.W.2d at 707, is misplaced because it did not involve a foreclosure by advertisement; rather, it addressed the consequences of the failure to name mineral owners as defendants in an *action* to foreclose a mortgage executed after 1919. *Yttredahl* is not applicable to a foreclosure by advertisement of a mortgage executed

---

land. An affidavit of proof of such service of notice shall be filed with the Clerk of the Court at the time of filing complaint in any action for foreclosure and shall be filed and recorded with the notice and certificate of sale in all other cases. Provided, however, that if said owner shall, before the expiration of thirty days from the service of such notice, perform the conditions or comply with the provisions upon which the default shall have occurred, such mortgage shall be reinstated and shall remain in full force and effect the same as if no default had occurred therein.

Provided, further, that if an action or proceeding to foreclose is not begun within ninety days after the date of the notice herein provided for, then all proceedings hereunder shall be deemed to be discontinued.

4. In *Robinson v. McKinney*, 4 Dakota 290, 294, 29 N.W. 658, 659 (1886), the Supreme Court of the Territory of Dakota held statutory provisions authorizing foreclosure by advertisement of mortgages containing a power of sale clause did not deprive the mortgagor of property without due process. In *Bailey v. Hendrickson*, 25 N.D. 500, 510, 143 N.W. 134, 137 (1913), this Court held actual knowledge of a foreclosure by advertisement was not required for the foreclosure to be valid and notice by publication had the same binding effect as a foreclosure by action where the parties are personally served with process. The plaintiffs have not raised any issues in this case about the constitutionality of the 1913 statutes.

before 1919. Under the 1913 law, Brown Brothers Corporation's mineral interests were terminated by the foreclosures by advertisement of the 1915 mortgages, because the deeds issued had the same force and effect as deeds issued after a foreclosure by action in which all persons having an interest in the property subsequent to the mortgage were made parties and duly served with process.

## B

[¶ 10] The plaintiffs argue the mortgagees and their assignees did not intend to foreclose Brown Brothers Corporation's mineral interests. The plaintiffs argue, as a matter of law, the mortgagees and their assignees waived their right under the 1913 law to foreclose Brown Brothers Corporation's mineral interests without notice, because (1) they served a notice before foreclosure on the surface owner, but not on Brown Brothers Corporation; (2) they did not cause the register of deeds to serve notice of the foreclosure sale on Brown Brothers Corporation; and (3) they listed their addresses in some sheriff deeds as Aberdeen, South Dakota, c/o Brown Brothers Corporation. Alternatively, the plaintiffs argue those circumstances raise disputed issues of material fact regarding waiver.

[¶ 11] The 1913 law governed the foreclosures by advertisement, and other than notice by publication, that law did not require service of notice before foreclosure. The mortgagees and their assignees were not required by law to serve a notice of intention to foreclose on Brown Brothers Corporation, and we reject any implication the superfluous service of notice on the surface owner evidences an intent not to foreclose Brown Brothers Corporation's mineral interests. The plaintiffs' argument ignores the clear language of the 1913 law that a deed issued after a foreclosure by advertisement had the same force and effect as a deed issued in a foreclosure by action in which all persons having a post-mortgage interest in the property

were made parties. Under the 1913 law, Brown Brothers Corporation's mineral interests were terminated by the foreclosures by advertisement, and we are not persuaded the undisputed facts of this case vitiate the legal effect of the foreclosures by advertisement. We conclude the trial court did not err in granting summary judgment quieting title to the mineral interests in defendants who claim the minerals through the chain of title emanating from the foreclosures by advertisement.

## III

[¶ 12] We affirm the summary judgments.

[¶ 13] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, DALE V. SANDSTROM, JJ., concur.